261 F.2d 773
 Bessie S. AKANA, etc., Appellant,
v.
Albert M. FELIX, Third Judge, of the Circuit Court of the
First Judicial Circuit, Territory of Hawaii,
Territory of Hawaii, Lillian Loo,
Beatrice L. Luke and Kan Jung
Luke, Appellees.
 No. 16066.
 United States Court of Appeals Ninth Circuit.
 July 14, 1958.
 
 Bouslog & Symonds, Harriet Bouslog, Honolulu, Hawaii, for petitioners.
 J. Garner Anthony, T. P. Russell, Harold W. Nickelsen, Mau, Hong & Kanemoto, Honolulu, Hawaii, for respondents.
 Before FEE, BARNES and HAMLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 There is pending a condemnation action in a territorial court, wherein the Territory of Hawaii, as condemnor therein, was given possession of all the real property. A motion was made and order granted thereon, whereby separate trials were allowed as to the alleged owners in fee and as to alleged leaseholders of portions of the real property, who were all originally defendants. By subsequent order, the Territory was permitted to abandon proceedings against, and the right to possession of, such interests of the leaseholders, and an amended complaint was filed against the alleged owners in fee alone. Subsequently, Bessie S. Akana, one of the alleged leaseholders in the territorial trial court, for herself and others in that class, filed in the Supreme Court of the Territory of Hawaii a petition for a writ of mandamus directing the trial judge to vacate an order fixing date for trial as to the alleged fee owners and the order of amendment which eliminated the alleged leaseholders from the amended complaint and the order of possession, and also directing the trial judge to vacate his order directing separate trials of the interests of the alleged fee owners and the alleged leaseholders.
 
 
 2
 The Supreme Court of the Territory refused to issue the writ of mandamus. Appeal was taken by the petitioner, Bessie S. Akana, to this Court from this order. Thereafter, petitioner and appellant Bessie S. Akana made a motion in the Supreme Court of Hawaii for an order staying trial of the original condemnation case, which petition was denied.
 
 
 3
 Thereafter, Bessie S. Akana filed a motion in this Court for an order staying the trial of the eminent domain proceedings in the Circuit, Court of the First Judicial Circuit, Territory of Hawaii, until her right to participate therein could be determined by this Court on appeal from the judgment of the Supreme Court of the Territory of Hawaii denying a writ of mandamus, as above noted. We will deal with the matters very shortly. The motion to stay is not properly within our cognizance. We have no appeal here in the condemnation case. In fact, the condemnation case has not yet been tried, and there is, of course, no appeal presently even in the Supreme Court of Hawaii. We would have no power under the statute to interfere with the discretion of a trial judge in the Territory as to when and how he should set a particular case for trial.
 
 
 4
 There is before us also the appeal from the Supreme Court of Hawaii from an order denying the writ of mandamus directed to the trial judge. The Supreme Court denied the writ of mandamus on a perfectly valid ground of territorial law. It was held that, where there is a discretion in the trial judge, the exercise of such discretion may not be interfered with by mandamus. The court further held that it had consistently taken that position with the exception of one case where it was held that discretion had been abused. The court further held that, under the law of the Territory of Hawaii, discretion in this instance of the trial judge had not been abused. This holding is perfectly adequate to determine the issue and the refusal of the writ. Appellant urges that the court discussed some questions under the Constitution of the United States and also that its future holdings in the condemnation case were forecast in such a way that we can now consider them. The discussion of no constitutional points was necessary to the holding of the court that mandamus should be refused. What the court may have said as to the principles governing the future disposition of the condemnation action is of no concern. There was not, in any event, a final decision on these points. We express no opinion upon the matter except that the refusal of mandamus was based upon the opinion of the Supreme Court as to the discretion of the trial judge. When there is a final decision in the condemnation action unquestionably, petitioner and others in like situation will have an adequate remedy by appeal to the Supreme Court of the Territory. The motion for order staying trial is denied. The motion of appellees to dismiss the appeal in the mandamus case is granted.