TERRITORY OF HAWAII, BY HERBERT Y. C. CHOY,
ITS ATTORNEY GENERAL *v.* SAMUEL RENNY
DAMON, HERMAN VALDEMAR VON HOLT,
DAVID HEBDEN PORTEUS, AND JOHN
EDWARD RUSSELL, TRUSTEES UNDER THE
WILL AND OF THE ESTATE OF SAMUEL M.
DAMON, DECEASED, ET AL.

No. 4100.

SEPTEMBER 13, 1960.

TSUKIYAMA, C.J., MARUMOTO, CASSIDY, WIRTZ, JJ.,
AND CIRCUIT JUDGE MCKINLEY IN PLACE OF
LEWIS, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

In connection with the expansion of Honolulu International Airport, the Territory of Hawaii sought to acquire

parcels of land in Damon Tract adjacent to the airport originally by condemnation.

Appellants were occupants of certain of the parcels proposed to be condemned under quarterly tenancies which were terminable upon written notice of refusal to extend given by the fee simple owners at least thirty days before the expiration of any of the quarterly terms. They owned the buildings standing on the parcels occupied by them and had the right to remove such buildings upon the expiration of their tenancies.

The Territory named the fee simple owners, as well as appellants, as defendants in the original complaint and also in the two amended complaints which it subsequently filed. It filed the first amended complaint before appellants answered the original complaint. Appellants filed their answer to the first amended complaint after the Territory filed its motion to amend the first amended complaint but before the court granted such motion. They at no time filed their answer to the second amended complaint.

By the original complaint, the Territory proposed to condemn the parcels of land described therein in fee simple absolute and all of its improvements, "excepting those buildings and improvements which certain of the Defendants as lessees, tenants and occupants may have the right and privilege to remove from their respective parcels of land, and appurtenances thereunto belonging." The first amended complaint differed from the original complaint in that it did not except the mentioned buildings and improvements from the scope of the taking. In the second amended complaint, the Territory proposed the condemnation of the described parcels of land "together with all improvements thereon and the reversionary interests of the owners thereof, excluding therefrom, however, the interests if any, of lessees, tenants or occupants, and the

improvements which said persons may own, and/or have the right to remove." In that connection, the Territory alleged:

"That there are or may be certain persons who may claim some interest as lessees, tenants or occupants and who may have the right to remove certain improvements located on the parcels of land sought to be condemned herein; that Plaintiff does not hereby seek to condemn the interest, if any, of said persons and the improvements said persons may own and/or have the right to remove. The Plaintiff does hereby seek to condemn the herein described parcels of land in fee simple absolute including the reversionary interests of the owners thereof, together with all interests of whatsoever kind and nature, subject to the aforementioned interests, if any."

The court granted the motion of the Territory to amend the first amended complaint over appellants' objection. Appellants filed a notice of appeal from the order granting the motion.

While such notice of appeal was outstanding, the Territory filed a motion for judgment on the pleadings against appellants. Appellants in turn filed their return in opposition to the motion and also moved for summary judgment on the issue of liability and for other relief. The court then entered its ORDER FOR JUDGMENT ON THE PLEADINGS, in which it (a) ordered that judgment be entered against appellants finding that they were not entitled to compensation or damages, inasmuch as the pleadings affirmatively showed that no interest of appellants was being condemned; (b) expressly directed the clerk "to make entry of this final judgment in accordance with Rule 58 of the Hawaii Rules of Civil Procedure," upon an express determination that there was no just reason for delay; (c) ordered that the judgment be with-

out prejudice to any claim for damages that appellants might have under R.L.H. 1955, § 8-25; and (d) denied appellants' motion for summary judgment on the issue of liability.

Aside from filing the court's order for judgment on the pleadings, the clerk did not enter a judgment as directed in the order. Appellants filed a notice of appeal "from the order granting plaintiff judgment on the pleadings" and "from the order denying defendant appellants' motion for summary judgment on the issue of liability" and for other relief. Simultaneously with the filing of such notice of appeal, appellants, with the approval of the court, dismissed their appeal from the order granting the motion of the Territory to amend the first amended complaint. At the time of such dismissal, the prior appeal had not been docketed in this court. The later appeal was docketed within the time limited in H.R.C.P., Rule 73 (g). Thus, the appeal presently before us is this later appeal from the order for judgment on the pleadings.

Appellants sought a reversal of the order appealed from on the ground that the court erred in entering the order on the premise that their interest was not being condemned. They contended that their interest was in fact being condemned, despite the allegation in the second amended complaint to the contrary, for the reason that when land is condemned, the buildings on the land are included in the scope of the taking, even in a situation where the land and the buildings are separately owned and by agreement the owners of the buildings have the right to remove them, inasmuch as the word "land," as used in connection with condemnation, includes the buildings and the inherent nature of land cannot be changed by private agreement. They further contended that the attempt of the Territory to exclude the buildings from the scope of the taking by including the allegation to that effect in the second amended

complaint was nugatory, even if it were permissible to condemn the land only and not the buildings thereon, because the instant proceeding was instituted pursuant to a resolution of the Hawaii Aeronautics Commission which requested the attorney general to condemn the "lands" necessary for the expansion of Honolulu International Airport and, in the absence of a specific request by the commission to do so, the attorney general was without authority to exclude the buildings.

It might also be stated that although appellants did not attack the order appealed from on any jurisdictional ground, there existed a very serious question regarding the jurisdiction of the circuit court to enter such order. At the time of the entry of the order for judgment on the pleadings, the notice of appeal from the order granting the motion of the Territory to amend the first amended complaint was outstanding. The order allowing the amendment was obviously nonappealable, for allowance of amendments is within the discretion of the trial court and is not subject to appellate review except for abuse, and in this case there was a holding of this court that the circuit court had not abused its discretion. *Application of Akana for Writ of Mandamus,* 42 Haw. 415, aff'd *Akana* v. *Felix,* 261 F. 2d 773. Nevertheless, the filing of the notice of appeal from that order posed the question as to whether the circuit court had jurisdiction to entertain and act on the motion of the Territory for judgment on the pleadings while such notice was in effect. The general rule is that the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case. Where such a rule is applicable, a subsequent dismissal of the appeal should not have the effect of validating an order which was *coram non judice* at its inception.

Also present in the case were other questions casting some doubt on the validity of the order appealed from

and the validity of this appeal from a procedural stand-point. The question regarding the validity of the order was posed by the fact that the order was entered upon a motion for judgment on the pleadings which was prematurely filed. H.R.C.P., Rule 12 (c), provides for the filing of such motion "after the pleadings are closed." The Territory filed the motion before appellants filed any responsive pleading to the second amended complaint and therefore before the pleadings were closed. As to the question regarding the validity of this appeal, it existed because the appeal was taken from the order for judgment on the pleadings and it was questionable whether the order was a "judgment," as defined in H.R.C.P., Rule 54 (a). Appeals must be taken from judgments, not from decisions or orders to enter judgments. Here the order provided that "judgment be entered against the defendants hereinafter named on the pleadings" and that "the Clerk is expressly directed to make entry of this final judgment in accordance with Rule 58 of Hawaii Rules of Civil Procedure." Under H.R.C.P., Rule 58, "The filing of the judgment in the office of the clerk constitutes the entry of the judgment." The clerk filed the order but took no other action to comply with the direction for the entry of judgment.

However, this appeal may properly be disposed of without considering the ground of reversal urged by appellants or the jurisdictional and procedural questions mentioned in the preceding paragraphs, for the appeal was rendered moot after it was docketed in this court by the filing by the Territory of a discontinuance of the condemnation proceeding. This court may not decide moot questions or abstract propositions of law. See *California* v. *San Pablo and Tulare Railroad Co.,* 149 U.S. 308; *United States* v. *Alaska Steamship Co.,* 253 U.S. 113; *Barker Painting Co.* v. *Painters Union,* 281 U.S. 462; *Chandler* v. *Wise,* 307 U.S. 474.

The discontinuance was filed in the circuit court and was allowed by that court with the consent of the fee simple owners. Appellants argue that the discontinuance was nugatory because the circuit court allowed it when it was without jurisdiction over the condemnation proceeding by reason of the pendency of the present appeal, and, further, because, even if the court had jurisdiction over the proceeding, it allowed the discontinuance without notice to them, in violation of H.R.C.P., Rule 41 (a) (2).

The present appeal was taken from an order which purportedly was a final judgment under H.R.C.P., Rule 54 (b), upon one of multiple claims. We think that when an appeal is taken from such judgment, the trial court is divested of jurisdiction with respect to the claim as to which the judgment was entered but it retains jurisdiction over the remainder of the case.

Such being the case, the circuit court was without jurisdiction to allow the discontinuance of the condemnation proceeding as against appellants. But the court retained jurisdiction over the proceeding vis-a-vis the Territory and the fee simple owners, and the allowance of the discontinuance terminated the proceeding as between those parties.

The termination of the condemnation proceeding as between the Territory and the fee simple owners meant that there was no condemnation of the parcels of land on which appellants' buildings stood. The fact that there was no condemnation of such land meant, in turn, that appellants were henceforth without any basis for claiming compensation for the buildings as for property taken in condemnation. Appellants' entire case depended upon the condemnation of the land, their position being that a condemnation of land necessarily included a taking of the buildings thereon because buildings came within the definition of land.

There is no provision in our statute which requires a condemner to prosecute a condemnation proceeding to final judgment. The right of a condemner to abandon a pending proceeding is implicit in R.L.H. 1955, § 8-25, which provides:

"Whenever any proceedings instituted under the provisions of this part are abandoned or discontinued before reaching a final judgment, or if, for any cause, the property concerned is not finally taken for public use, a defendant who would have been entitled to compensation or damages had such property been finally taken, shall be entitled, in such proceedings, to recover from the plaintiff all such damage as may have been sustained by him by reason of the bringing of the proceedings and the possession by the plaintiff of the property concerned if such possession had been awarded including his costs of court, a reasonable amount to cover attorney's fees paid by him in connection therewith, and other reasonable expenses; and the possession of the property concerned shall be restored to the defendant entitled thereto. Issues of fact arising in connection with any claim for such damage shall be tried by the court without a jury unless a trial by jury shall be demanded by either party, pursuant to the provisions of section 231-6, within ten days from the date of the entry of an order or judgment allowing the discontinuance of the proceedings, or dismissing the proceedings or denying the right of the plaintiff to take the property concerned for public use."

Thus, after the discontinuance of the condemnation proceeding as between the Territory and the fee simple owners, appellants' only recourse was to proceed under R.L.H. 1955, § 8-25, to recover any damages which they might have sustained by reason of the bringing of the proceeding. Within ten days after the circuit court entered

its order allowing the discontinuance as filed by the Territory, appellants filed their demand for jury trial in that court. It might be that the demand was so filed in abundance of caution. At the time of such filing, the condemnation proceeding as between the Territory and appellants was pending in this court and had not been terminated by the discontinuance filed by the Territory in the circuit court.

The case will be remanded to the circuit court to permit appellants to proceed to recover any damage to which they might be entitled under R.L.H. 1955, § 8-25, and in the proceeding to recover such damage, the demand for jury trial previously filed by appellants in that court shall be recognized as being properly filed in accordance with the statute.

Appeal is dismissed and the case is remanded to the circuit court with direction to proceed in accordance with this opinion.

*Harriet Bouslog* (*Bouslog & Symonds* on the briefs) for certain defendants-appellants.

*Andrew S. O. Lee* and *Walter T. Shimoda,* Deputy Attorneys General (*Jack H. Mizuha,* Attorney General, *John P. Russell,* Special Deputy Attorney General, and *Andrew S. O. Lee* on the brief), for plaintiff-appellee.