**172**

## IN THE MATTER OF KUWAYE BROTHERS, INC.

No. 4652.

NOVEMBER 28, 1967.

RICHARDSON, C.J., MIZUHA, MARUMOTO AND
LEVINSON, JJ., AND CIRCUIT JUDGE DOI
IN PLACE OF ABE, J., DISQUALIFIED.

*Per Curiam.* This is an appeal by Western Motor Tariff Bureau, Inc., from a denial of intervention in a Public Utilities Commission proceeding involving proposed changes in the tariff for transportation of property by motor common carriers on the island of Hawaii subject to regulation under the Hawaii Motor Carrier Act, R.L.H. 1955, 1965 Supp., Ch. 106C.

The proceeding before the commission was commenced on November 12, 1965, by the filing of an application for tariff change by Western as agent for, and on behalf of, Kuwaye Brothers, Inc., a motor common carrier of property participating in the tariff described as "Western Motor Tariff Bureau, Inc., Agent, Local, Joint and Proportional Freight Tariff No. 6, Hawaii PUC No. 6."

After this initial filing, the following events took place:

(a) December 7, 1965. Western filed on behalf of all motor common carriers of property participating in Freight Tariff No. 6, other than Kuwaye, a petition praying for an order denying the rates sought by Kuwaye as noncompensatory; requiring the observance of the rates, charges, rules, regulations and practices currently in

effect; and instituting hearings and investigations to determine and prescribe lawful rates to be observed.

(b) December 14, 1965. Western filed as agent for, and on behalf of, Kuwaye an amended application for tariff change, which designated the application as an independent action.

(c) December 16, 1965. Commission entered an order suspending the operation of Kuwaye's proposed changes for 5 months from January 1, 1966, and instituting investigation of the matter.

(d) February 2, 1966. Western filed an application for intervention requesting determination of the justness and reasonableness of Kuwaye's proposed changes.

(e) April 19, 1966. Commission orally denied Western's application for intervention, but allowed Yamada Transfer, a carrier in competition with Kuwaye, to intervene, and heard the testimony of its president.

(f) April 29, 1966. Western filed a petition for reconsideration of the denial of intervention.

(g) May 26, 1966. Commission orally denied Western's petition for reconsideration.

(h) October 20, 1966. Commission orally denied Kuwaye's application for tariff change.

(i) December 6, 1966. Commission entered the following orders, which reduced its prior oral orders to writing:
No. 1780-A. Order denying intervention of Western "by and on behalf of the Standing Rate Committee of the Island of Hawaii."
No. 1781. Order denying petition for reconsideration.
No. 1865. Order denying Kuwaye's application for tariff change.

Western appealed from Order No. 1781, under § 106C-31, which provides:

"From every order made on an application for reconsideration or rehearing by the commission under the provisions of this chapter an appeal shall lie to the supreme court in like

manner as an appeal lies from an order or decision of a circuit judge at chambers."

After the docketing of the appeal, Western filed its opening brief in which it stated the following question as the only question for determination by this court:

"Does a tariff bureau have the right to participate in a commission hearing on a member's independent rate reduction so the bureau may defend its interests by showing the illegality of said rate reduction?"

Following the filing of Western's opening brief, the commission moved to dismiss the appeal on the following grounds: (a) Western is not an aggrieved party; (b) the appeal is from an interlocutory order for which leave to appeal was not granted; and (c) the particular decision in controversy in this appeal has become moot.

We think the motion to dismiss this appeal is well taken on the ground of mootness. We therefore grant the motion on that ground.

The proceeding before the commission was not one for the determination of Western's right to intervene. It was a proceeding for the determination of the justness and reasonableness of Kuwaye's proposed changes. In its application for intervention, Western prayed that the determination be made under § 106C-18.

The decision of the commission, incorporated in its Order No. 1865, produced the result Western sought in its application for intervention. This result will not be affected by the question which Western has raised on this appeal, whichever way it is decided. In this situation, any consideration of the question will be academic. A question which has become academic is moot. *Territory* v. *Damon*, 44 Haw. 557, 562.

This disposes of the appeal. However, we will briefly comment on the record in this case and on the commission order denying Western's intervention.

We do this because it appears from Western's memorandum in opposition to the commission's motion to dismiss this appeal that Western's question on this appeal is likely to be a recurring problem and will ultimately come before this court on an appeal

which will require its consideration on the merits. Should that eventuality occur, it is essential that we have an adequate record and that the question stated to this court be the same question determined by the commission, or by the circuit court if the question should be presented to and determined by that court before coming to this court.

The record in this case is inadequate for the determination of Western's question to this court, which is whether a tariff bureau has the right to participate in a commission hearing to defend its interests when an application for tariff change is filed by a member or nonmember carrier as an independent action. For the determination of that question we must know what a tariff bureau is and what the interests of a tariff bureau are. The record in this case does not contain any evidence on these matters, and these are not matters as to which we may take judicial notice.

Also, the record is completely confusing as to whether the question Western stated to this court on this appeal is the same as the question which the commission determined in its denial of intervention. In this connection, the commission had before it for consideration two pleadings filed by Western. One was the petition of December 7, 1965, which Western filed in a representative capacity and was in the nature of a complaint under § 106C-18 (d). The other was the application for intervention of February 2, 1966, which Western filed under § 106C-29 and in its own right. We are unable to determine from the record whether the commission ruled on one or the other of these pleadings or on both.

One final comment, and this has reference to the commission's contention that its order denying intervention is of an interlocutory nature requiring its leave before an appeal may be taken from it, similar to interlocutory orders of a circuit judge in chambers. Whether a commission order on intervention is final or interlocutory will depend on whether the intervention is as of right or permissive. An argument may be made that § 106C-18 (d) grants to an organization like Western a right to file a complaint equivalent to intervention as of right.

However, if a commission denial of intervention is no more

than an interlocutory order, still a commission leave to appeal may not be required under § 6C-14, which provides for a judicial review of preliminary ruling of an administrative ruling of "such nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief." In mentioning § 6C-14, we do so merely to point out its existence, not to rule on its applicability to a case such as this. A ruling on the applicability of § 6C-14 will involve the question, as yet undecided by this court, as to whether the provisions of the Hawaii Administrative Procedure Act override the provisions on the same points found in statutes covering the operations of specific administrative agencies.

*Joseph M. Gedan*, Deputy Attorney General, for the motion.
*Wilbur K. Watkins, Jr.*, contra.