NEIL ABERCROMBIE, Plaintiff-Appellee, *v.*
DAVID C. McCLUNG, Defendant-Appellant

No. 5391

MARCH 12, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
AND KOBAYASHI JJ., AND CIRCUIT JUDGE
MENOR IN PLACE OF LEVINSON, J., DISQUALIFIED

*Per Curiam.* This case is before this court on a motion filed by appellee to dismiss appeal upon the ground that the order of the trial court is interlocutory and appellant failed to seek and obtain permission of the trial court to appeal. The appellant appealed from an order of the trial court denying a motion for summary judgment or to reserve questions of law to supreme court. Trial on the merits of the claim has not taken place.

Neil Abercrombie (appellee) filed in the court below a complaint, with jury trial demanded, alleging in essence that he was slandered by David McClung (appellant), and prayed for judgment in damages totaling $500,000.00, including $250,000.00 in general damages and $250,000.00 in punitive damages.

The appellant filed a motion to dismiss, claiming the complaint fails to state a claim upon which relief can be granted and that the court lacks jurisdiction over the subject matter. Appellant premised his motion upon

Article III, Section 8 of the Constitution of the State of Hawaii.

The trial court treated the motion to dismiss as a motion for summary judgment and dismissed the motion.

Thereafter, subsequent to other pleadings, appellant filed a "Motion for Summary Judgment or to Reserve Questions of Law to Supreme Court", claiming that "there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law; or, in the alternative, that the court reserve the questions of law hereby presented to the supreme court pursuant to §642-1, Hawaii Revised Statutes. The grounds of this motion more particularly appear in the annexed memorandum." Appellant also filed with the motion his affidavit and a memorandum in support of the motion.

In said memorandum appellant particularized the questions of law, *inter alia,* to be that by virtue of Article III, Section 8 of the Hawaii Constitution, the appellant is entitled to an absolute privilege from being held to answer before any other tribunal for any statement or action taken in the exercise of his legislative functions.

Appellee filed affidavits and memorandum in opposition to appellant's motion for summary judgment or to reserve questions of law to supreme court.

The trial court denied appellant's motion for summary judgment or to reserve questions of law to supreme court.

*Constitution of the State of Hawaii*

Article III, Section 8 provides in pertinent part as follows:

No member of the legislature shall be held to answer before any other tribunal for any statement made or action taken in the exercise of his legislative functions; . . .

*Judgment of the Trial Court*

The trial court entered the following entitled order:

## ORDER DENYING MOTION FOR
## SUMMARY JUDGMENT

Upon consideration of Defendant's Motion for Summary Judgment or to Reserve Questions of Law to Supreme Court, said Motion is hereby denied.

Subsequent to the denial of the initial motion for summary judgment, the record reflects additional pleadings and proceedings. The appellant in his answer to appellee's complaint admitted that on the opening day of the Sixth Legislature of the State of Hawaii he did grant an interview to Mr. Boswell of the Honolulu Advertiser. Subsequently on written interrogatories filed by appellee, appellant filed written answers thereto and stated, *inter alia,* as follows:

14. [Q] Did you on or about January 20, 1971, engage in a conversation with one Douglas Boswell in which the plaintiff's name was mentioned?

ANSWER: Yes.

15. [Q] If so, state:

    a. The exact date and time of the conversation.

    ANSWER: January 20, 1971, at approximately 2:30 to 3:00 P.M.

    b. The address or other means of identification of the place where the conversation took place.

    ANSWER: In the office of the Senate President, which adjoins and opens onto the floor of the Senate Chambers in the State Capitol Building, Honolulu, Hawaii.

    c. The name and address of each person present.

ANSWER: Douglas Boswell, business address 605 Kapiolani, Honolulu, Hawaii; and defendant.

16. [Q] At the time and place did you make the statements as set forth in paragraph II of the complaint filed in this case?

ANSWER: No.

17. [Q] If you did not make the above statement, set forth the exact words you used concerning the plaintiff.

ANSWER: Defendant does not recall all exact words used, word for word, but generally defendant was asked by Douglas Boswell to name some specific individuals to whom a speech previously delivered by defendant in his capacity as Senate President made reference to, and defendant did so.

In an affidavit sworn to by the appellant, appellant stated that he had delivered the above mentioned speech to the Senate assembled immediately following his election as President of the Senate.

Thus, when Judge Doi denied appellant's motion for summary judgment the following material facts were not in dispute:

1. That appellant was a duly elected acting Senator and President of the Senate of the Sixth Legislature of the State of Hawaii;

2. That at the opening of said Sixth Legislature appellant did give a speech before the Senate assembled;

3. That soon after giving said speech the appellant

was questioned by Mr. Boswell in appellant's office at the Senate;

4. After said interview Mr. Boswell's article was published in the Honolulu Advertiser, which article is the basis of appellee's complaint.

OPINION

We are of the opinion that the record is clear that at the time the trial judge rendered the denial in question a genuine issue as to a material fact did not exist to prevent the trial court from ruling on the question of law:

> Whether appellant's statements made by him in his legislative office next to the Senate chambers during an interview by a newspaper reporter, elaborating on a speech made by appellant to the Senate assembled, can be construed as an exercise of his legislative function and thus absolutely privileged.

The appellee in his motion to dismiss appeal contends that trial court's denial of motion for summary judgment is interlocutory and that the appellant failed to seek and obtain the consent of the trial court in pursuing the instant appeal.

It is well established that under usual circumstances a denial of a motion for summary judgment would be interlocutory; however, it does not necessarily mean that denial of the motion for summary judgment in this case is therefore interlocutory. "This court has repeatedly stated that a final decision for the purpose of an appeal is not necessarily the last decision in the case, and that the nature and effect of the decision rather than the stage at which it is rendered is the true test." *Monette* v. *Benjamin,* 52 Haw. 27, 28, 467 P.2d 574-75 (1970). *See also Gillespie, Administratrix* v. *United States Steel Corp.,* 379 U.S. 148, 152-54 (1964).

In *Monette* v. *Benjamin, supra,* the district court had dismissed a complaint for summary possession when the defendants' affidavits raised the issue of title to the premises. The circuit court reversed the judgment on the ground that defendants' affidavits failed to meet the requirements of Rule 14 of the rules of this court. The defendants appealed and the plaintiffs moved to dismiss the appeal on the ground that the order appealed from was interlocutory. We denied the motion to dismiss and held that the order of the circuit court reversing the district court's judgment of dismissal of a summary possession action was final as to the defendants "insofar as their right to raise the question of jurisdiction is concerned." *Monette* v. *Benjamin, supra,* 52 Haw. at 28, 467 P.2d at 575.

Here, the trial court's denial of the motion for summary judgment is final as to appellant's right to raise the issue whether the trial court lacked jurisdiction to try him for statements made by him as a member of our legislature, in the light of our constitutional provision reading "no member of the legislature shall be held to answer before any other tribunal."

We are mindful that causes should not be tried in piecemeal fashion but where the question presented is a question of the magnitude as herein, it is ridiculous to resolve the question of law as to whether the appellant can be held answerable before "any other tribunal" after he has been subjected to trial. In the vernacular, it is placing the "cart before the horse". Considerable amount of time, effort and money could very well be expended in a futile ride on a legal merry-go-round. In seeking a just and expeditious resolve and to meet the need of sparing the litigants unnecessary expenditure of time, effort and money, we conclude that the trial court's order denying appellant's motion for summary judgment is an appealable final order.

Any further proceeding on this matter in the court

below shall be stayed until the appeal herein is concluded.
Motion to dismiss appeal is denied.

*Steven H. Levinson* (*David C. Schutter* of counsel) for plaintiff-appellee, for the motion.
*Tobias C. Tolzmann,* Special Deputy Attorney General, for defendant-appellant, contra.

### DISSENTING OPINION OF MARUMOTO, J.

I dissent. My reason for dissenting in this case is that for this court to assume jurisdiction over this appeal will in effect be to tamper with the jurisdiction of this court as limited by the State constitution and the statute implementing the constitutional provision.

Under the constitution, this court has power to promulgate rules relating to practice, process, procedure, and appeals. But it has no say regarding its jurisdiction. The establishment of the jurisdiction of any court is a matter only within the competence of the legislature.

Article V, section 1, of the constitution states that this court has original and appellate jurisdiction "as provided by law."

This case invokes the appellate jurisdiction of this court.

The provision of law regarding the appellate jurisdiction of this court is set forth in HRS § 602-5, where it is stated: "The supreme court shall have appellate jurisdiction to hear and determine all questions of law, or of mixed law and fact, which are *properly brought before it* on * * * appeal *duly perfected* from any other court * * * *according to law*". (Emphasis supplied.)

Except in Delaware, denial by the trial court of a motion for summary judgment is uniformly held to be an interlocutory judgment, and not appealable except in compliance with a statute authorizing appeals from

interlocutory judgments. 6 Moore's Federal Practice §56.21[2], p. 2788 (2d ed. 1948); 3 Barron & Holtzoff, Federal Practice and Procedure § 1242, p. 196 (Rules ed. 1958).

In Delaware, it is held that a denial of a motion for summary judgment is appealable. *Hessler, Inc.* v. *Farrell,* 226 A.2d 708 (Del. 1967); *Monroe Park Apartments Corp.* v. *Bennett,* 232 A.2d 105 (Del. 1967). But that is so because Article 4, section 11-1 (a) of the constitution of that state vests the supreme court with jurisdiction to receive appeals from superior courts in civil causes and to determine all matters of appeal "in the interlocutory or final judgments" of such courts in civil causes.

Under HRS § 641-2, an interlocutory judgment of a circuit court may be appealed to this court only upon allowance of the appeal by the circuit court when it deems the same advisable for the more speedy termination of the litigation, and the refusal of the circuit court to allow the appeal is not reviewable by this court.

In this case, defendant did not seek the necessary allowance of appeal from the circuit court. Thus, this appeal has not been "properly brought before" this court, and has not been "duly perfected * * * according to law".

The majority attempts to bring this appeal within the jurisdictional limit of this court by equating this case with *Monette* v. *Benjamin,* 52 Haw. 27, 467 P.2d 574 (1970).

In *Monette,* the circuit court order appealed from was final in its effect upon appellants' right to raise in the district court, under the affidavits then on file, the question of jurisdiction of that court over the summary possession action which was remanded to it for further proceedings.

The majority says that the denial by the circuit court of defendant's motion for summary judgment in this case is like the order in *Monette* in that it is final as to the right of defendant "to raise the issue whether the trial

court lacked jurisdiction to try him for statements made by him as a member of our legislature," in the light of the privilege accorded to legislators in Article III, section 8, of the constitution.

*Monette* is not apposite. Unlike the order in that case, which had the effect of foreclosing appellants from raising the question of jurisdiction of the district court, the denial of defendant's motion for summary judgment in this case is in no way concerned with the right of defendant to raise the question of jurisdiction of the circuit court to try him for statements allegedly made in the exercise of his privilege as a legislator.

The basic issue in this case is the meaning of the words, "any statement made or action taken in the exercise of his legislative functions," as used in the constitution.

Under HRS § 603-21, the circuit court has the original jurisdiction to construe and apply any constitutional provision. By denying defendant's motion for summary judgment, the circuit court has not construed or applied the constitutional provision in question here.

The circuit court is not required to give any reason for denying a motion for summary judgment. It has not given its reason in this case. Thus, we are in the dark regarding the precise basis on which the motion here was denied. However, from the nature of the proceeding, we may assume that the denial was based on the fact that the court was not satisfied that the materials on file, which it was authorized to consider in ruling on the motion, provided a sufficient factual context in which to determine the meaning, scope, and application of the constitutional provision.