MICHAEL F. McCARTHY and CURTIS J. BERNHARDT,. Plaintiffs-Appellants, v. R. PATRICK JARESS, ROY Y. YEMPUKU and SHACKLEY F. RAFFETTO, Defendants-Appellees, and JOHN DOES 1 THROUGH 10, JOHN DOE PARTNERSHIPS 1 THROUGH 10, and JOHN DOE CORPORATIONS 1 THROUGH 10, Defendants

NO. 10208

(CIVIL NO. 70547)

DECEMBER 27, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

On April 7, 1982 plaintiffs Michael F. McCarthy and Curtis J. Bernhardt sued defendants Roy Y. Yempuku, Shackley F. Raffetto, and R. Patrick Jaress. Summary judgment was entered dismissing McCarthy's and Bernhardt's claims against Yempuku and Raffetto. The summary judgment was finalized pursuant to Rule 54(b), Hawaii Rules of Civil Procedure (HRCP). On February 15, 1983 McCarthy and Bernhardt appealed. On February 21, 1984 we filed our opinion partially affirming and partially vacating the summary judgment. *McCarthy v. Yempuku*, 5 Haw. App. 45, 678 P.2d 11 (1984). However, our final judgment on appeal was not filed until October 18, 1984.

Meanwhile, on August 30, 1984, the lower court granted·Bernhardt's Rule 41(a)(2), HRCP, motion to dismiss his complaint without preju-

dice. However, it did so after Bernhardt orally sought to withdraw his motion. McCarthy and Bernhardt appealed. We dismiss the appeal for lack of appellate jurisdiction.

The dispositive issue and our answer is: In a case involving two plaintiffs where the claims of one of them has not been finally adjudicated, is an order dismissing without prejudice all of the claims of the other an appealable final order? No. 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2376 (1971); 15 Wright, Miller & Cooper, Federal Practice and Procedure: *Jurisdiction* § 3914 (1976). Whatever precedential value there is in *Abercrombie v. McClung,* 54 Haw. 376, 507 P.2d 167 (1973), it does not apply in this case. If Bernhardt wanted immediate appellate court attention to his jurisdictional claims, he should have sought relief under Rule 54(b), HRCP, or Rule 21, Hawaii Rules of Appellate Procedure (1984) (HRAP).

However, in the interest of judicial economy, we will discuss the following issues presented:

I.   Under the HRAP, when does the appellate courts' jurisdiction over an appealed matter terminate?

II. (A) Where a plaintiff files a Rule 41(a)(2), HRCP, motion to dismiss his complaint without prejudice but, immediately upon the commencement of the hearing on the motion, orally indicates his desire to withdraw the motion, may the court, absent special circumstances, ignore the request for withdrawal and grant the motion? (B) Where the court entered an order protecting plaintiff from being deposed by a defendant only until the hearing on plaintiff's motion to dismiss without prejudice unless the dismissal was with prejudice, does that fact constitute such special circumstances?

The relevant facts are as follows: On June 26, 1984 Jaress noticed the July 10, 1984 deposition of Bernhardt. On July 5, 1984 Bernhardt filed a Rule 41(a)(2), HRCP, motion to dismiss his complaint without prejudice. On July 9, 1984 Bernhardt moved for an order protecting him from Jaress' deposition "on the grounds that Curtis J. Bernhardt no longer resides in the United States and has moved to be dismissed as a party to this lawsuit." On July 9, 1984 the lower court orally granted Bernhardt's July 9, 1984 motion for protective order. The written order, filed on July 31, 1984, stated that unless Bernhardt's complaint was dismissed with prejudice the protective order would terminate immediately after the hearing on Bernhardt's July 5, 1984 motion to dismiss.

Bernhardt's July 5, 1984 motion to dismiss was heard on August 17,·

1984. Bernhardt's counsel commenced the proceedings by stating, "Your Honor, I'd like to withdraw the motion." Jaress' counsel opposed Bernhardt's oral motion to withdraw his motion, contending that Bernhardt's motion to dismiss without prejudice should be granted. We cannot tell from the record whether the lower court did not comprehend Bernhardt's oral motion to withdraw the motion or ignored it.[1] In either event, over Bernhardt's objection, the lower court orally granted Bernhardt's motion to dismiss without prejudice without discussing Bernhardt's request to withdraw his motion. The written order was entered on August 30, 1984. On that date Bernhardt moved "for reconsideration. . .on the grounds that the statute of limitation would preclude. . . Bernhardt from reinstating his action[.]"[2] The motion was denied on September 14, 1984.[3] McCarthy[4] and Bernhardt filed a notice of appeal on September 25, 1984.

Bernhardt contends that the lower court had no jursidiction over his complaint against Raffetto, Yempuku, and Jaress during the period between his February 15, 1983 notice of appeal and our October 18, 1984 final judgment on appeal. On that ground, he contends that everything the lower court did during that time is null and void. With respect to Raffetto and Yempuku, we agree. *Territory v. Damon,* 44 Haw. 557, 356 P.2d 386 (1960). With respect to Jaress, we disagree. *Id.*

I.

The question is, when did the appellate courts' jurisdiction over Bernhardt's complaint against Raffetto and Yempuku terminate? Our answer is October 18, 1984.

---

[1]During the hearing and after Bernhardt's oral motion to withdraw his motion, the judge stated, "I only have one motion before me: that to dismiss without prejudice."

[2]Bernhardt's motion for reconsideration was made under Rule 60, HRCP. That rule authorizes motions for relief from final orders. The order dismissing Bernhardt's complaint was not a final order.

[3]During the hearing on the motion for reconsideration, the judge stated, "[A]nd it seems to me that [Bernhardt] had indicated a satisfaction with the Court's ruling at the time. And all parties were satisfactory. They were to be judicially estopped on this motion for reconsideration."

[4]McCarthy has no standing to appeal the dismissal of Bernhardt's complaint.

Raffetto and Yempuku contend that appellate jurisdiction when we filed our opinion on February 21, 1984. We disagree. Our jurisdiction over the merits of the case on appeal is generally exclusive, *see Life of the Land v. Ariyoshi,* 57 Haw. 249, 553 P.2d 464 (1976), and does not terminate until we file our judgment on appeal.[5] *See* Rules 36 and 41(b), HRAP; 9 Moore's Federal Practice, ¶ 203.11 (2d. ed. 1985). Consequently, during the period between February 15, 1983 and October 18, 1984, the lower court had no jurisdiction over Bernhardt's claims against Raffetto and Yempuku.

Alternatively, Raffetto and Yempuku argue that Bernhardt should be precluded from contending that the lower court lacked jurisdiction over his claims during the period between February 15, 1983 and October 18, 1984 because it was his motion that the lower court granted and he failed to raise the jurisdictional issue in the lower court. *See Callen v. Akhter,* 66 Ill.App.3d 421, 384 N.E.2d 42, 23 Ill. Dec. 406 (1978); *Continental Casualty Co. v. Street,* 364 S.W.2d 184 (Tex. 1963). We disagree. In Hawaii, a jurisdictional defect "can neither be waived by the parties nor disregarded by the court[.]"[6] *Naki v. Hawaiian Electric Co., Ltd.,* 50 Haw. 85, 86, 431 P.2d 943, 944 (1967).

---

[5]In this respect, the HRAP differs significantly from the Federal Rules of Appellate Procedure (FRAP). Under the FRAP, the date of the entry of the appellate court's judgment under Rule 36 is the starting date used in computing the periods for petitioning for rehearing (Rule 40(a), FRAP); for seeking stays of the mandate (Rule 41(a), FRAP); or for seeking certiorari or appealing to the Supreme Court (Supreme Court Rule 22(2); 28 U.S.C.A. §§ 2101(a) and (c)). 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: *Jurisdiction* § 3982 (1977). In other words, the appellate court's judgment is not necessarily the final act with respect to the merits of the case on appeal.

Under the HRAP, the date of the filing of the decision, ruling, or opinion is the starting date used in computing the periods for moving for reconsideration (Rule 40(a), HRAP); for seeking certiorari (Rule 31(e)(1), HRAP); and for staying the appellate court's judgment (Rule 41(a), HRAP). The appellate court's judgment is filed after the decision, ruling, or opinion is final, *i.e.,* not subject to reconsideration or certiorari. Rule 41(b), HRAP. In other words, the judgment is the final act with respect to the merits of the case on appeal.

[6]This fact is the primary reason why the HRAP established a bright line for the inception of appellate jurisdiction over the merits of the case on appeal (the timely filing of the notice of appeal) and a bright line for the termination of appellate jurisdiction over the merits of the case on appeal (the filing of the appellate court's judgment).

## II.

Since the lower court never lost its jurisdiction over Bernhardt's complaint against Jaress, it had jurisdiction to dismiss it. The question is whether the lower court erred in dismissing it.

The lower court dismissed Bernhardt's complaint againt Jaress pursuant to Rule 41(a)(2), HRCP. A requirement of that rule is that the dismissal shall be "at the plaintiff's instance[.]" Here, at the very beginning of the hearing on Bernhardt's Rule 41(a)(2) motion, Bernhardt, through counsel, stated, "Your Honor, I'd like to withdraw the motion." Thus, it does not appear that the subsequent action by the lower court was taken "at the plaintiff's instance."

We recognize that there may be situations where a movant will not be allowed to withdraw his Rule 41(a)(2), HRCP, motion. This case, however, does not appear to be one of those situations. First, Bernhardt made his request to withdraw his motion at the commencement of the hearing on the motion, not during or after the hearing. See *D'addario v. McNab,* 73 Misc. 2d 59, 342 N.Y.S.2d 342 (1973). Second, by asking for and receiving the benefit of the protective order, Bernhardt does not appear to have bargained away his right to withdraw his motion before it was heard. The July 31, 1984 order protecting Bernhardt from being deposed by Jaress was not conditioned upon the success of Bernhardt's motion. The protective order extended only to the date of the hearing on the motion unless Bernhardt's claims were dismissed with prejudice. However, Bernhardt's motion was for dismissal without prejudice, and the lower court could not dismiss his claims with prejudice without his consent. 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2366 (1971). Thus, no matter what happened to the motion, the protective order terminated on the date of the hearing.

## III.

This appeal is dismissed for lack of appellate jurisdiction.

*Boyce R. Brown, Jr.* (*Cynthia H.H. Thielen* with him on the briefs; *Brown & Johnston* of counsel) for appellants.

*Paul Mullin Ganley* for appellee R. Patrick Jaress.

*John S. Edmunds* (*Ronald J. Verga* and *B. Regina Green* with him on the brief) for appellee Shackley F. Raffetto.

*Faye M. Koyanagi* (*James F. Ventura* with her on the brief; *Libku-*

*man, Ventura, Ayabe & Hughes* of counsel) for appellee Roy Y. Yempuku.