**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000746
29-JUL-2025
06:34 AM
Dkt. 51 SO**

NOS. CAAP-22-0000746 and CAAP-23-0000004

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-22-0000746**
YMM LLC, Plaintiff-Appellee, v.
SCOTT KUROIWA, Defendant-Appellant
(CASE NO. 5RC181000106)

and

**CAAP-23-0000004**
MASAKATSU KATSURA, INDIVIDUALLY AND AS TRUSTEE OF
THE MASAKATSU KATSURA REVOCABLE TRUST DATED AUGUST 23, 1994;
MIEKO KATSURA, INDIVIDUALLY AND AS TRUSTEE OF THE
MIEKO KATSURA REVOCABLE TRUST DATED AUGUST 23, 1994;
and YMM LLC, a Hawaii LLC, Plaintiffs-Appellees, v.
SCOTT KUROIWA, Defendant-Appellant,
and JOHN AND JANE DOES, PARTNERSHIPS,
CORPORATIONS AND ENTITIES 1-20, Defendants
(CASE NO. 5DRC-22-0000464)

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Scott **Kuroiwa**, representing himself, appeals from two cases in the District Court of the Fifth Circuit: Judiciary Information Management System (**JIMS**) case no. 5RC181000106 (the

**2018 DC Case**); and JIMS case no. 5DRC-22-0000464 (the **2022 DC Case**).[1]

In CAAP-22-0000746, Kuroiwa appeals from the November 9, 2022 *Order Dismissing Plaintiff's Complaint Against Defendant Without Prejudice* entered in the 2018 DC Case.

In CAAP-23-0000004, Kuroiwa appeals from December 23, 2022 *Judgment for Possession* for Masakatsu Katsura, Mieko Katsura, and YMM LLC (collectively, **YMM**) and *Writ of Possession* entered in the 2022 DC Case.

We conclude the District Court lacked jurisdiction over the 2018 DC Case and the 2022 DC Case. We vacate the orders appealed from and the Judgment for Possession and Writ of Possession, and remand for the District Court to enter orders dismissing each case for lack of jurisdiction and to determine the disposition of any funds deposited in or disbursed from the Rent Trust Fund.

The dispute between YMM and Kuroiwa has a long and complicated history. YMM LLC filed the 2018 DC Case against Kuroiwa on March 22, 2018. It sought possession of, and unpaid rent for, **Property** in Kapa'a, Kaua'i. The District Court ordered Kuroiwa to deposit funds into a Rent Trust Fund. YMM LLC moved for partial summary judgment on possession. Kuroiwa argued the District Court lacked jurisdiction because he claimed an ownership interest in the Property. He filed a copy of a March 25, 2016 **Purchase Contract** to show the Katsuras had agreed to sell him the Property. The District Court concluded it had jurisdiction because title was not at issue, but denied summary judgment because YMM LLC failed to give Kuroiwa statutorily required notice.

On June 15, 2018, Kuroiwa sued the Katsuras and YMM LLC in circuit court for specific performance of the Purchase

---

[1]     The Honorable Michael K. Soong presided in both cases.

Contract and damages. We take judicial notice of the record in JIMS case no. 5CC181000083 (the **Circuit Court Case**).[2]

Four days later, Kuroiwa moved to dismiss the 2018 DC Case based on the filing of the Circuit Court Case. By order entered on August 3, 2018, the District Court granted the motion and ordered that any funds in the Rent Trust Fund be disbursed to Kuroiwa.

Meanwhile, in the Circuit Court Case, the Katsuras and YMM LLC answered Kuroiwa's complaint and counterclaimed for breach of the Purchase Contract, breach of rental agreements, a declaratory judgment quieting title to the Property, injunctive relief, breach of implied covenant of good faith and fair dealing, fraud, unfair and deceptive acts or practices, punitive damages, waste, conversion or attempted conversion, and trespass. YMM moved for summary judgment on some of its counterclaims. The circuit court entered an order granting partial summary judgment on Count I of the counterclaim (for breach of the Purchase Contract) only. On June 7, 2021, the circuit court entered a judgment for YMM against Kuroiwa "as to Count I of Defendants' counterclaim."

Kuroiwa appealed from the circuit court judgment, creating CAAP-21-0000407. After a temporary remand, we dismissed the appeal for lack of jurisdiction because "the circuit court has indicated that the parties' remaining claims and counterclaims remain active[.]" Kuroiwa v. Katsura, No. CAAP-21-0000407, 2022 WL 1714911 (Haw. App. May 27, 2022) (order).`

On October 7, 2021, the circuit court sua sponte reopened the 2018 DC Case, set aside the District Court's August 3, 2018 order dismissing the case, and "remanded" YMM's "counterclaims for damages and other appropriate relief" to the

---

2     See Rule 201, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (2016).

District Court.  On March 3, 2022, the District Court entered an order re-establishing the Rent Trust Fund.

YMM filed the 2022 DC Case against Kuroiwa on August 12, 2022.  It sought possession of, and unpaid rent for, the Property.

On August 29, 2022, Kuroiwa again moved to dismiss the 2018 DC Case for lack of jurisdiction.  The District Court denied the motion but entered separate orders dismissing the 2018 DC Case without prejudice and transferring the Rent Trust Fund to the 2022 DC Case.  Kuroiwa's appeal created CAAP-22-0000746.

In the 2022 DC Case, YMM moved for partial summary judgment on possession.  Kuroiwa moved for judgment on the pleadings.  On December 23, 2022, the District Court entered an order granting YMM's motion as to possession only; the Judgment for Possession; and the Writ of Possession.  The District Court entered an order denying Kuroiwa's motion for judgment on the pleadings on December 28, 2022.  Kuroiwa's appeal created CAAP-23-0000004.  We consolidated Kuroiwa's appeals on October 31, 2023.

Kuroiwa states these points of error: (1) the District Court erred by denying his motion to dismiss the 2018 DC Case and transferring the Rent Trust Fund to the 2022 DC Case; and (2) the District Court erred by establishing the Rent Trust Fund and entering the Judgment for Possession and Writ of Possession in the 2022 DC Case.[3]

The existence of subject matter jurisdiction is a question of law we review de novo under the *right/wrong* standard. Ass'n of Apartment Owners of Century Ctr., Inc. v. An, 139 Hawaiʻi 278, 284, 389 P.3d 115, 121 (2016).  The district courts have jurisdiction over summary possession actions.  Hawaii Revised Statutes (**HRS**) § 666-6 (2016).  But the district courts do not have jurisdiction over summary possession actions "in

_____

[3]      Kuroiwa's briefs state additional points of error which we need not address.

4

which the title to real estate comes in question[.]"  HRS
§ 604-5(d) (2016).  Title to the Property is in question in the
Circuit Court Case, which remains pending.

YMM argues that the October 7, 2021 amended order in
the Circuit Court Case "decided the jurisdictional question by
holding that: 'Scott Kuroiwa has no claim of interest or title to
the property.'"  The circuit court's October 7, 2021 amended
order referred to its April 12, 2021 order.  The April 12, 2021
order stated that "[YMM] are entitled to a judgment as a
matter of law that [Kuroiwa] breached the Purchase Contract."
Both orders are interlocutory, subject to appeal at an
appropriate time.  Title to the Property thus remains at issue.
The circuit court exceeded its authority by entering the
October 7, 2021 order reopening the 2018 DC Case.

YMM cites <u>Monette v. Benjamin</u>, 52 Haw. 27, 467 P.2d 574
(1970), which dealt with appeals from interlocutory orders.  We
questioned the continuing validity of <u>Monette</u> in <u>Employees'
Retirement System v. Big Island Realty, Inc.</u>, 2 Haw. App. 151,
155-56, 155 n.9, 627 P.2d 304, 307 & n.9 (1981), because it was
decided before Rule 54(b) of the Hawai'i Rules of Civil Procedure
(**HRCP**) was amended.  Under current law, the circuit court's
April 12, 2021 order is not final or appealable because it does
not resolve all claims as to all parties and the record does not
show that the circuit court certified it for appeal under HRCP
Rule 54(b), <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i
115, 119, 869 P.2d 1334, 1338 (1994); it is not appealable under
the collateral order or <u>Forgay</u> doctrines, <u>see</u> <u>Greer v. Baker</u>, 137
Hawai'i 249, 253, 369 P.3d 832, 836 (2016); and it is not
appealable under HRS § 641-1(b) (2016).

YMM also cites <u>Abercrombie v. McClung</u>, 54 Haw. 376, 507
P.2d 719 (1973), where the supreme court concluded that an order
denying a motion for summary judgment was an appealable final
order.  <u>Id.</u> at 381, 507 P.2d at 722.  In <u>Greer</u>, the supreme court
explained that "the <u>Abercrombie</u> court treated the denial of
legislative immunity as an immediately appealable collateral

order."  137 Hawaiʻi at 257, 369 P.3d at 840.  An appealable collateral order must (1) conclusively determine the disputed question; (2) resolve an important issue separate from the merits; and (3) be effectively unreviewable on appeal from a final judgment.  Id. at 254, 369 P.3d at 837.  The April 12, 2021 order is not an appealable collateral order because it involves the merits of the Circuit Court Case and it is not effectively unreviewable on appeal from a final judgment.

The District Court did not have jurisdiction to decide JIMS case no. 5RC181000106 or JIMS case no. 5DRC-22-0000464 on the merits.  We vacate the orders in each case and the Judgment for Possession and Writ of Possession entered in 5DRC-22-0000464. We remand for the District Court to enter orders dismissing each case for lack of subject matter jurisdiction.  See Mobley v. Kimura, 146 Hawaiʻi 311, 325 n.23, 463 P.3d 968, 982 n.23 (2020) (stating that when circuit court dismisses complaint for lack of jurisdiction its order should indicate "dismissal" rather than "summary judgment").  On remand, the District Court should also determine the disposition of any funds deposited in or disbursed from the Rent Trust Fund and enter an appropriate order.

DATED: Honolulu, Hawaiʻi, July 29, 2025.

On the briefs:

Scott Kuroiwa,
Self-represented
Defendant-Appellant.

Glen T. Hale,
for Plaintiff-Appellee
YMM, LLC.

Glen T. Hale,
for Plaintiffs-Appellees
Masakatsu Katsura, individually
and as trustee of the Masakatsu
Katsura Revocable Trust dated
August 23, 1994; Meiko Katsura,
individually and as trustee of the
Mieko Katsura Revocable Trust
dated August 23, 1994.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge