LEAGUE OF WOMEN VOTERS OF HAWAII, et al.,
Plaintiffs-Appellants *v*. NELSON K. DOI, in his capacity
as the Lieutenant Governor, State of Hawaii,
Defendant-Appellee.

NO. 6113

AUGUST 11, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR and KIDWELL, JJ.

*Per Curiam.* The complaint in this action seeks a declaratory judgment with respect to whether Defendant-Appellee, in his capacity as Lieutenant Governor, is required by Section 2 of Article XV of the Hawaii State Constitution to place on the ballot for the 1976 general election the question whether there should be a constitutional convention. Such duty falls upon Defendant-Appellee only if a ten-year period shall elapse during which the question shall not have been submitted to the electorate by the Legislature. By Act 2, Sess. L. 1976, effective March 18, 1976, the Legislature submitted the question to the electorate to be voted on at the 1976 general election. The appeal herein is from summary judgment for Defendant-Appellee, who moves to dismiss the appeal upon the ground that the matters in controversy have become moot.

Plaintiffs-Appellants do not dispute that the legislative action resolves the dispute whether the question shall be on the ballot in 1976, but contend that the interpretation of the constitutional provision as to future years remains unresolved. However, the complaint sought only an adjudication of the propriety of Defendant-Appellee's refusal to place the question on the ballot for the 1976 general election.

Defendant-Appellee now acknowledges his obligation to do so, and the issue raised by the complaint has become moot. Plaintiffs-Appellants argue that the public interest in the interpretation of the constitutional provision in future years warrants the retention and determination of the appeal, notwithstanding the mootness of the controversy presented by the complaint.

In *Kleppe v. New Mexico*, 96 S. Ct. 2285 (1976) a declaratory judgment was sought with respect to the power of Congress, by the Wild Free-Roaming Horses and Burros Act, to prohibit the capture of wild burros both on federal public lands and on private lands. The facts out of which the controversy arose involved the capture of burros only on public lands. The Court refused to determine the extent of the power of Congress to protect animals on private lands and expressed its reluctance "to decide important questions regarding 'the scope and constitutionality of legislation in advance of its immediate adverse effect in the context of a particular case' . . . ." We consider that a similar policy should govern in this case.

The appeal is dismissed.

*Clayton C. Ikei and Robert Gilbert Johnston* (American Civil Liberties Union of Hawaii Foundation) for Plaintiffs-Appellants.

*Randall Y. Iwase and Corinne K. Watanabe,* Deputy Attorneys General, for Defendant-Appellee, for the motion.