SHERYL L. ALFAPADA, Petitioner *v*. ROBERT K. RICHARDSON, Judge of the District Court, First Circuit, Waianae Division, State of Hawaii, et al., Respondents

NO. 6548

AUGUST 15, 1977

KOBAYASHI, ACTING C.J., OGATA, MENOR AND KIDWELL, JJ., and CIRCUIT JUDGE SHINTAKU
in place of RICHARDSON, C.J., Disqualified

*Per Curiam*. This petition for writ of prohibition seeks to restrain the respondent district judge from issuing a writ of possession in the action instituted on March 31, 1977 by the respondent Blanco (the landlord) for summary possession of premises occupied by petitioner (the tenant) under a written lease. The landlord's complaint alleged nonpayment of rent by the tenant. The tenant's answer denied that rent was due but did not affirmatively plead payment. Other defenses pleaded in the tenant's answer included that the respondent Blanco was not the real party in interest and was engaged in the unauthorized practice of law, that written notice of rent due or of the termination of the tenancy had not been given to the tenant, that there had been a breach of the warranty of habitability whereby the value of the tenancy had been reduced to an amount to be determined by the court, and that the landlord had violated HRS § 521-42 by failure to supply fit premises. The facts alleged in the answer as constituting a breach of the warranty of habitability and failure to supply fit premises were that the rental unit has a sun deck which is

surrounded by a wooden plank railing, one of the boards of which was rotten; that in late January, 1977, the tenant's one year old child fell against the rotten board and through the railing from the second floor to the ground below, suffering severe injuries; and that there were numerous other defects in the condition of the premises. The tenant also counterclaimed for damages for the breach of the contractual and statutory warranties of habitability, for reformation of the rental agreement to reduce the rental owed to a fair and reasonable amount, for damages for intentional infliction of emotional distress, for damages from unfair business practices, for an injunction against further representation that the premises are habitable and will be so maintained, and for punitive damages. A jury trial was demanded by the tenant.

The district judge ordered that the summary possession issue be tried separately from the counterclaims and denied the demand for jury trial as to the summary possession issue. Rent of "at least" $733.27 was found to be due and judgment was entered that a writ of possession should issue. Trial on the other claims and counterclaims was ordered to be set at a later date.

On May 13, 1977, we issued an alternative writ of prohibition, directing the district judge to refrain from issuing the writ of possession prior to July 9, 1977 or to show cause why such prohibition should not continue to that date. On June 24, 1977, the landlord moved to dismiss the petition as moot, upon the ground that the premises had been damaged by fire and the tenant had removed therefrom on June 8, 1977. The tenant does not dispute these facts but opposes dismissal, asserting that the question involved is one of public interest and that it is likely that similar questions arising in the future would become moot before an authoritative determination could be made.

We have confirmed that, although ordinarily we will not consider moot questions, we may proceed with the determination of an appeal which would otherwise be moot, when "the question involved affects the public interest, and it is likely in the nature of things that similar questions arising in the future would likewise become moot before a needed authoritative determination by an appellate court can be

made". *Johnston v. Ing,* 50 Haw. 379, 381, 441 P.2d 138, 140 (1968). *Also see Green v. Superior Court,* 10 Cal.3d 616, 517 P.2d 1168, 111 Cal. Rptr. 704 (1974). On the other hand, in *League of Women Voters of Hawaii v. Doi,* 57 Haw. 213, 552 P.2d 1392 (1976), we dismissed as moot an appeal involving whether the question of a constitutional convention should be on the ballot for the 1976 general election, where the legislature had enacted legislation which placed the question on the ballot. We declared, quoting from *Kleppe v. New Mexico,* 96 S.Ct. 2285 (1976), that we will be reluctant "to decide important questions regarding the scope and constitutionality of legislation in advance of its immediate adverse effect in the context of a particular case." 57 Haw. 214.

The petition for writ of prohibition presents the question whether, where non-payment of an amount of due rent is not denied by the tenant and payment of all rent due is not affirmatively pleaded, a writ of possession may issue out of the district court in the face of a demand for a jury trial which the district court is without jurisdiction to grant. In issue is applicability to a summary possession proceeding of the right of trial by jury assured by Article I, Section 10 of the Hawaii State Constitution. Without taking space to review the complexity of this issue, we note that in the case before us the tenant's answer predicates a breach of the warranty of habitability upon a defective railing and other unspecified defects. The tenant's answer does not negate liability for the unpaid fair rental value of the premises, except as such liability might be offset by the damages claimed in the tenant's counterclaims. The district court has not yet dealt with the tenant's liability for rent, except to determine that an unspecified amount is due, or with the tenant's counterclaims. While other defenses to the summary possession claim are pleaded in the tenant's answer, the question whether the value in controversy under the summary possession issue exceeds one hundred dollars, within the meaning of Article I, Section 10, is clouded by uncertainties peculiar to the present case.

Under these circumstances, there may not be a clear-cut constitutional issue and we cannot predict that adjudication of the issues presented by this petition would resolve ques-

tions of significant public interest. We do not have here a case which should survive the mootness of the issues between the parties.

The petition for writ of prohibition is dismissed.

*Karen M. Radius* (Legal Aid Society of Hawaii) for Petitioner.

*Robin K. Campaniano,* Deputy Attorney General, for Respondent Richardson.

*Gary B. K. T. Lee (Ukishima & Matsubara,* of counsel) for Respondent Blanco.