CROWN PROPERTIES, INC., Plaintiff-Appellee, v. FINANCIAL
SECURITY LIFE INSURANCE CO., LTD., and UNITED INDE-
PENDENT INSURANCE AGENCIES, INC., Defendants-
Appellants

NO. 9839

(CIVIL NO. 72597)

NOVEMBER 1, 1985

BURNS, C.J., HEEN AND TANAKA, JJ

OPINION OF THE COURT BY BURNS, C.J.

United Independent Insurance Agencies, Inc. (UIIA), seeks reversal of (1) the August 15, 1983 judgment entered by the court clerk pursuant to Rule 68, Hawaii Rules of Civil Procedure (HRCP); (2) the November 22, 1983 order denying its November 1, 1983 Rules 60(b)(3) and (6), HRCP, motion for relief from the August 15, 1983 judgment; and (3) the November 25, 1983 order authorizing the issuance of a writ of possession.[1] Item (1) is not final and appealable. Moreover, it was erroneously entered. We affirm item (2). We decline to review item (3) because the issue is moot.

The issues[2] and our answers are:

I. Is the August 15, 1983 judgment a final and appealable judgment? No.

II. Since the August 15, 1983 judgment is not final and appealable, is UIIA's November 1, 1983 Rule 60(b)(3) and (6), HRCP, motion for relief from the August 15, 1983 judgment a valid motion? No.

III. Since UIIA terminated its possession of the premises without the execution of a writ of possession, is the propriety of the November 25, 1983 order authorizing the issuance of a writ of possession a moot question which we should not decide? Yes.

IV. Did UIIA's August 9, 1983 "Offer of Judgment" qualify as a Rule 68, HRCP, or non-Rule 68 offer of judgment? No. Did Crown's acceptance of UIIA's offer create a binding contract? No. Was the August 15, 1983 judgment erroneously entered? Yes.

On June 29, 1982 Crown Properties, Inc. (Crown), filed a complaint against Financial Security Life Insurance Co., Ltd. (FSLIC), and UIIA. Crown alleged that it, as sublessor, subleased a portion of the "15th Floor of the American Savings Building, 1600 Kapiolani Boulevard," to UIIA for six months from December 1, 1975 to May 31, 1976; that the term of the sublease was extended by oral agreement; that on June 1, 1980 the parties orally agreed to the sublease of the entire 15th floor for a term to expire on May 31, 1985 at a total monthly rental of $17,322.86;

---

[1] UIIA did not appeal the issuance of the writ of possession issued on December 22, 1983.

[2] We raise issues I, II, and IV *sua sponte*.

that on October 20, 1981 UIIA assigned with recourse its sublessee position to FSLIC; that FSLIC failed to pay the monthly rent due for June 1982; and that Crown terminated the sublease.[3] Crown prayed for (1) a declaration that the sublease was terminated; (2) issuance of a writ of possession; and (3) an award of $17,322.86 plus $577.43 per day for occupancy after termination.

On August 9, 1982 FSLIC and UIIA filed a counterclaim seeking recovery of excess rent they allegedly paid to Crown.

On December 22, 1982 the lower court approved and ordered into effect a "Stipulation Regarding Plaintiff's Motion for Order to Deposit Rent Payments into the Court." It required Crown to obtain and deliver to the clerk of the court a bond or a letter of credit in favor of the clerk of the court for $65,576.00 plus $2,685.30 per month after December 31, 1982. It required FSLIC and UIIA to do the same for $121,259.60 plus $17,322.80 per month. It stated:

3. The sums so held by way of bond shall be held by the Clerk of the Court specifically and solely upon the condition and for the purpose of paying any sums which either party may be determined to owe to the other by adjudication or settlement of the above-captioned matter and shall be immediately due and payable when such final adjudication or settlement is approved by the Court.

On March 3, 1983 Crown moved for summary judgment on all issues. This motion was denied on March 21, 1983.

On March 31, 1983 FSLIC and UIIA filed an amended counterclaim against Crown for (1) reimbursement for overpayment of sublease rents; (2) damages for nondisclosure of material facts about the subletting; (3)

---

[3]Paragraph 7 of the complaint states as follows:

[Tha]t on June 21, 1982, Plaintiff, through its legal counsel, gave written notice by certified mail, return receipt requested, to both Defendants requesting immediate payment of $17,322.86 in delinquent rental, terminating Defendants' tenancy for the 15th Floor of the 1600 Kapiolani Boulevard for non-payment of rent, and serving written notice to vacate the premises within five days from the receipt of said demand letter; return receipts for certified mail acknowledging receipt of a copy of said demand letter were acknowledged by both Defendants on June 22, 1982; notwithstanding Defendants have failed, neglected and refused to pay the delinquent rental of $17,322.86 or to vacate the premises as requested.

The $17,322.86 mentioned was the total amount allegedly due for June 1982.

damages for misrepresentation about the subletting; and (4) recapture of Crown's unjust enrichment.

On May 6, 1983 the lower court issued its "Order Granting Plaintiff's Motion Regarding Bond Stipulation." This order, which was drafted by Crown's attorneys, authorized execution of a writ of possession on June 1, 1983 if FSLIC and UIIA failed to deposit cash or an unconditional bond from one of five named corporations[4] to cover $207,873.60 plus $17,322.80 per month commencing June 1, 1983 plus interest at the rate specified in the sublease.

On June 16, 1983 FSLIC and UIIA deposited $230,000 into the clerk's account. On June 30, 1983 Crown filed a "Motion for Order Releasing and Distributing Cash Deposit Held by Clerk of Court."

On July 27, 1983 FSLIC and UIIA deposited $17,322.86 into the clerk's account. On July 27, 1983 Crown moved "for an order releasing and distributing to CROWN the additional cash deposits made in July 1983 and hereafter to be made by" FSLIC and UIIA. On August 2, 1983 FSLIC and UIIA deposited $17,322.86 into the clerk's account.

On August 4, 1983 Judge Sodetani issued an order:

2. That the Clerk of the Court of the First Circuit Court, State of Hawaii, shall forthwith release and distribute to Plaintiff the initial cash deposit in the sum of $230,000.00 made by Defendants in the above-entitled action and accepted by the Court pursuant to Defendants' Motion to Submit Cash Deposit Pursuant to Order of May 6, 1983.

On August 4, 1983 the clerk paid Crown $230,000.

On August 9, 1983 UIIA and FSLIC filed an "Offer of Judgment"[5] which stated in relevant part:

COME NOW, UNITED INDEPENDENT INSURANCE AGENCIES. INC. ("UIIA") and FINANCIAL SECURITY IN-SURANCE COMPANY, LTD. ("FSIC") pursuant to Rule 68 of

---

[4]Hawaiian Insurance & Guaranty Co, Ltd.
First Insurance Company of Hawaii, Ltd.
Fireman's Fund Insurance Company of Hawaii, Inc.
Pacific Insurance Company, Ltd.
Industrial Indemnity Insurance Company

[5]The "Offer of Judgment" should not have been filed before it was accepted. 12 Wright & Miller, Federal Practice and Procedure: *Civil* § 3002 (1973).

the Hawaii Rules of Civil Procedure and hereby offer a Judgment in favor of CROWN PROPERTIES, INC. ("CROWN") in the sum of $265,000 (TWO HUNDRED SIXTY FIVE THOUSAND AND 00/100 DOLLARS) inclusive of accrued costs and attorneys's [sic] fees. * * * If the Offer of Judgment is not accepted and if CROWN fails to obtain a Judgment in excess of $265,000 (TWO HUNDRED SIXTY FIVE THOUSAND and 00/100 DOLLARS), inclusive of accrued costs and attorneys' fees, CROWN must bear all costs, including attorneys' fees UIIA and FSIC incurred after the Offer of Judgment is tendered.

On August 10, 1983 Crown filed an "Acceptance of Offer of Judgment" and served it upon counsel for UIIA and FSLIC.

On August 15, 1983 Crown, by letter, asked the clerk to enter a judgment as follows:

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be and the same is hereby entered on the Complaint and Amended Counterclaim in the above-entitled action in favor of Plaintiff CROWN PROPERTIES, INC. and against Defendants FINANCIAL SECURITY LIFE INSURANCE CO., LTD. and UNITED INDEPENDENT INSURANCE AGENCIES, INC., jointly and severally, in the sum of TWO HUNDRED SIXTY-FIVE THOUSAND AND NO/100 DOLLARS ($265,000.00).

In the letter, Crown stated:

While the Judgment form was submitted as a courtesy to Defendants' counsel, Gary Y. Shigemura, Esq., for approval as to form, we have been unsuccessful in obtaining the document back for filing, despite several telephone calls by our office to follow up on the matter. Rule 68 does not require Defendants' approval as to form. It mandates that the clerk shall enter judgment upon either party's filing the offer and notice of acceptance together with proof of service thereof. All of the prerequisites to your entering judgment have been met.

On August 15, 1983 the clerk entered a judgment in the form as requested by Crown in its August 15, 1983 letter and mailed a notice of entry of judgment to UIIA's counsel.

On August 26, 1983 the clerk paid Crown $35,000.[6]

---

[6]This amount includes interest earned on the account by the clerk.

On September 22, 1983 Crown wrote a letter to Judge Chun asking for issuance of a writ of possession on the grounds that Crown's complaint had asked for a writ of possession and Crown had obtained judgment on the complaint.

On September 27, 1983 UIIA and FSLIC wrote a letter to Judge Chun in which they stated in relevant part:

> We received a copy of Mr. Kawachika's letter of September 22, 1983, and we believe that Mr. Kawachika is in error with respect to the facts of this matter.

*     *     *     *     *

Shortly prior to the case going to trial or being set for trial, as a result of a meeting and discussion with Judge Wakatsuki, an Offer of Judgment was filed solely on the Complaint filed by Crown Properties, Inc. against Financial Security Insurance Company. The purpose of the Offer of Judgment was to resolve the issue of the past-due rent pursuant to the order of Judge Wakatsuki, who had ordered that the past-due rent be paid to Crown Properties.

Notwithstanding, Crown Properties, Inc. through Mr. Kawachika purported to include the Counterclaim and Amended Counterclaim in the Judgment and to claim that the Counterclaim and Amended Counterclaim were also being satisfied by way of the Offer of Judgment. This was not the understanding of the parties and certainly is not set forth in the Offer of Judgment. The Offer of Judgment is very clear in that the Offer of Judgment is solely to settle the Complaint in the amount of past-due rent.

Pursuant to the order of the Court, a check issued by First Hawaiian Bank in the approximate sum of $265,000 was tendered and cashed by Crown Properties, Inc. Therefore, the rent was current as of September 1, 1983 and the judgment was satisfied in full. Furthermore, as of that date, there was no basis whatsoever for the summary possession since the rent was current and paid in full and the judgment satisfied. The only issue remaining for trial was the matter of the Amended Counterclaim and a bond placed in Court by Crown Properties in favor of Financial Security Life Insurance Company to determine the legality and issues concerning the sandwich position. The issues concerning the sandwich position were applicably set forth in brief in the Motions with respect to the disbursement of funds.

On October 19, 1983 Crown filed a "Motion for Issuance of Writ of Possession." In an accompanying memorandum, it stated in relevant part as follows:

Subsequent to entry of the aforesaid Judgment, CROWN, rather than immediately moving to evict the Defendants pursuant to the Judgment, was willing to continue to rent the premises provided that the Defendants executed a formal lease document submitted to them and paid the rent therein specified. For this purpose, CROWN's counsel forwarded a lease document to Defendants' counsel for the Defendants' execution, on September 7, 1983. A copy of CROWN's counsel's transmittal letter is attached hereto as Exhibit I and made a part hereof by reference.

\*    \*    \*    \*    \*

For one thing, the Judgment entered herein in favor of CROWN on the Complaint and Amended Counterclaim clearly acknowledges CROWN's entitlement to summary possession as that is clarify [sic] one of the reliefs sought in CROWN's Complaint. The Court thus need go no further than the Judgment itself to issue the requested writ.[7]

(Footnote added.)

On November 1, 1983 FSLIC and UIIA filed a "Motion to Amend or Alter Judgment" pursuant to Rule 60(b)(3) or (6), HRCP. On November 22, 1983 Judge Honda denied the motion.

On November 25, 1983 Judge Honda issued an "Order Granting [Crown's] Motion for Issuance of Writ of Possession." He issued a "Writ of Possession" on December 22, 1983. However, this writ was never executed. UIIA terminated its occupancy without execution of the writ, but the record does not reveal when that occurred.

On November 28, 1983 UIIA and FSLIC filed a notice of appeal of Judge Honda's November 22, 1983 and November 25, 1983 orders. They

---

[7]A judgment that requires a reading of the complaint and the counterclaim to determine what relief it awards does not satisfy the requirement of *M. F. Williams, Inc. v. City & County of Honolulu,* 3 Haw. App. 319, 650 P.2d 599 (1982). *See Territory v. Damon,* 44 Haw. 557, 356 P.2d 386 (1960).

did not notice an appeal of the August 15, 1983 judgment. On May 6, 1985, with the supreme court's approval, FSLIC withdrew its appeal.

## I.

The August 15, 1983 judgment is not final and appealable because it is only a monetary judgment that did not fully and completely adjudicate Crown's claim for a declaration that the sublease had been terminated and for issuance of a writ of possession and a monetary judgment. *See Jacober v. Sunn,* 5 Haw. App. 20, 674 P.2d 1024 (1984); *Inouye v. Board of Trustees of the Employees' Retirement System,* 4 Haw. App. 526, 669 P.2d 638 (1983); *M. F. Williams, Inc. v. City & County of Honolulu,* 3 Haw. App. 319, 650 P.2d 599 (1982).

## II.

A Rule 60(b), HRCP, motion is authorized only in situations involving final judgments. Accordingly, UIIA's November 1, 1983 motion was premature and unauthorized. Since the motion should have been dismissed, we cannot say it was improperly denied.

## III.

The termination of possession without the execution of a writ of possession moots all questions about the validity of the order authorizing the issuance of the writ of possession and of the writ itself. Ordinarily, appellate courts will not decide moot issues. *Alfapada v. Richardson,* 58 Haw. 276, 567 P.2d 1239 (1977); *Territory v. Damon,* 44 Haw. 557, 356 P.2d 386 (1960). This is not an extraordinary case.

## IV.

In an effort to assist the lower court on remand, we will discuss the question of the validity of the August 15, 1983 judgment.

Rule 68, HRCP, provides all parties who are defending against a claim with a method by which (1) to lessen their chances of being required to pay for the costs thereafter incurred by the party prosecuting the claim; and (2) to increase their chances for an award of their own

costs thereafter incurred in defending against the claim.[8] *See* 12 Wright & Miller, Federal Practice and Procedure: *Civil* § 3001 (1973). To qualify as a Rule 68 offer, the offer must be such that a judgment in the words of the offer will fully and completely decide the claim or claims toward which the offer is directed. It also must comply with Rule 68's express requirements. Thus, it can be made only by a party defending a claim and can relate only to a claim or claims which the offeror is defending against.

Rule 68, HRCP, does not limit any party's right to tender a non-Rule 68 offer of partial or complete judgment or compromise. *See* 7-Pt. 2 Moore's Federal Practice ¶ 68.02 (2d ed. 1985); *Dowsett v. Cashman,* 2 Haw. App. 77, 625 P.2d 1064 (1981). However, an offer that does not satisfy the requirements of Rule 68 does not entitle the offeror to the special benefits of Rule 68. Moreover, the clerk of the court is not authorized to enter a judgment based on the acceptance of a non-Rule 68 offer of judgment.

To qualify as a non-Rule 68, HRCP, offer of partial or complete judgment, the offer must be such that a judgment in the words of the offer will fully and completely decide that portion or all of the claim or claims toward which the offer is directed.

UIIA's and FSLIC's August 9, 1983 offer of judgment was expressly intended as a Rule 68 offer of judgment applicable only to Crown's claim against UIIA and FSLIC. Thus, it was not intended to, and did not, apply to UIIA's and FSLIC's counterclaim against Crown.

Additionally, the August 9, 1983 offer of judgment was insufficient and incomplete to qualify as a Rule 68 offer or, failing that, as a non-Rule 68 offer applicable only to Crown's claim against UIIA and FSLIC. A judgment requiring UIIA and FSLIC to pay Crown $265,000 inclusive of accrued costs and attorney fees would not decide and

---

[8]In some situations, the word "costs" in similarly worded Rule 68, Federal Rules of Civil Procedure (FRCP), has been held to include attorney fees. *Marek v. Chesney,* ___ U.S. ___, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

It has been held that the offeror is not entitled to the benefits of Rule 68, FRCP, where the judgment is in the offeror's favor. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). In other words, not only must the judgment be not more favorable than the offer, but it must also be in favor of the offeree. If the judgment is in favor of the offeror, then Rule 54(d), FRCP, is the relevant rule.

dispose of any portion or all of Crown's claim against UIIA and FSLIC. The continued existence of the sublease would still be in dispute. UIIA and FSLIC would still be occupying the premises and incurring additional lease rent obligations. We would not know what specific obligations the $265,000 covers. Such a judgment would be no more than an advance payment pending a decision on the merits of the claim.

Since the August 9, 1983 offer was imprecise, it did not qualify as a Rule 68 or a non-Rule 68 offer of judgment, and its acceptance did not result in a binding agreement. *See* 47 Am. Jur. 2d *Judgments* § 1082 (1969); 17 Am. Jur. 2d *Contracts* §§ 75, 76 (1964). Accordingly, the August 15, 1983 judgment was unauthorized and erroneously entered.

V.

The August 15, 1983 judgment is not final and appealable. Moreover, it was erroneously entered. The November 22, 1983 order denying UIIA's November 1, 1983 motion for relief from the August 15, 1983 judgment is affirmed. The appeal of the November 25, 1983 order authorizing the issuance of a writ of possession is dismissed because the issue it raises is moot.

*Gary Y. Shigemura, Randall Y.C. Ching,* and *James P. Dandar* (*Shigemura and Ching* of counsel) on the briefs for appellant UIIA.

*A. Bernard Bays* (Attorney at Law, a Law Corporation); and *James A. Kawachika* (*Carlsmith, Wichman, Case, Mukai and Ichiki* of counsel) on the brief for appellee.