MARY BREWER, Plaintiff-Appellee,
v.
PAUL CLAES and DENISE ALTHOFF, Defendants-Appellant.
No. 26921.
In the Intermediate Court of Appeals of Hawaii.
November 29, 2007.
On the briefs:
Joe P. Moss, for Defendants-Appellants.
Kelvin H. Kaneshiro, Charles S. O'Neill, Jr., and R. Aaron Creps, (Reiwald O'Connor & Playdon LLP), for Plaintiff-Appellee.

MEMORANDUM OPINION
RECKTENWALD, C.J., FOLEY and FUJISE, JJ.
Paul Claes (Claes) and Denise Althoff (Althoff) (collectively Appellants) appeal from the October 21, 2003 Judgment for Possession, August 25, 2004 Judgment, and September 20, 2004 Judgment filed in the District Court of the Fifth Circuit Hanalei Division (district court).[1] Plaintiff Mary Brewer (Brewer or Appellee) filed a complaint against Appellants for summary possession on grounds that Appellants failed to vacate the subject property after the expiration of the lease term established by a mediation agreement between the parties. Appellants claim they were prevented from vacating the property because Brewer allowed a fence to be erected on the property, which obstructed the rear entrance of the house and prevented the Appellants from removing their personal property. Appellants filed a counterclaim against Brewer claiming Brewer wrongfully excluded them from use of the property by not removing the fence.
After a bench trial, the district court issued a judgment for possession in favor of Brewer, and ordered the Appellants to "vacate the subject premises 30 days from the date of the fence removal or October 31, 2003, whichever is later." The district court entered judgment against Appellants on their counterclaim, and awarded Brewer $1,574.86 in attorney's fees and costs.
On appeal, Appellants raise three points of error. First, Appellants contend the district court erred in denying their counterclaim. Second, Appellants argue the district court erred in awarding Brewer attorney's fees and instead should have awarded attorney's fees to Appellants. Finally, Appellants maintain the district court erred in issuing the judgment for possession.[2]
Upon a careful review of the record and briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we hold the district court did not err in denying Appellants' counterclaim, (2) the district court did not abuse its discretion in awarding Brewer attorney's fees, and (3) Appellants' contention that the district court erred in issuing the judgment for possession is moot.

I. Background
Appellants leased the property located at 7, Hookui Road, Mahikoa Subdivision, Kaua`i, Hawai`i from Brewer. The lease was an oral lease originally made with Brewer's husband in September 2001. Brewer's husband passed away in March 2002.
On September 5, 2002, a mediation agreement was reached between Brewer and Appellants, which provided that the parties would enter into a lease for the premises for one year at the rate of $850.00 per month while the fence[3] adjacent to the house on the premises remained in place, and $950.00 per month when the fence was removed. This lease began September 10, 2002.
On July 22, 2003, Brewer sent Appellants a letter advising them that she would not be renewing the lease and that the term of the lease would end on September 10, 2003. On August 27, 2003, Brewer's attorney sent Appellants a letter reminding the Appellants that the term of the lease was about to end, and demanding that they vacate the premises by September 10, 2003. Appellants did not vacate the premises after the lease expired, so on September 23, 2003, Brewer filed a complaint with the district court for summary possession of the property, as well as double rent.
The next day, Appellants filed a counter-claim against Brewer. Appellants claimed Brewer wrongfully excluded them from use of the leased premises because the fence installed on the property prevented Appellants from using the entire property and also prevented Appellants from removing their personal belongings.
At the September 26, 2003 trial on both Brewer's summary possession complaint and Appellants' counterclaim, Brewer testified that her neighbor Joel Efrein (Efrein) installed the fence on the property. According to Brewer, Efrein proclaimed he had a right to install the fence because he had an easement to grow plants in the area that was enclosed by the fence. However, once Brewer discovered that Efrein was not entitled to install the fence, she asked him to remove it. Brewer then testified that arrangements had been made to have the fence removed on Monday, September 29, 2003. Furthermore, Brewer's attorney told the district court that the fence "will be removed Monday at three o'clock."
At the end of the trial, the district court stated,
[THE COURT:] As far as the (indiscernible) fence, I am stuck with considering the mediation agreement the way it was written, and the arguments about unconscionability (indiscernible) is, does not find (indiscernible), and when I look at the agreement that was reached between the parties through mediation, it says that, the language is when the fence is removed, then the monthly rent will increase to nine-fifty. There is no obligation in the agreement for [Brewer] to remove the fence. The only incentive for her to remove the fence would have been a financial incentive so that if she did remove it, the rent would go up to nine-fifty.
I do understand that it would be, and it was impossible for [Appellants] to move out of the property while the fence is in place because they could not remove the larger items. Therefore, what the Court's gonna do is I will issue a writ of possession for [Brewer] effective October 31st and let's call it 12 o'clock noon.
[Brewer's Counsel]: I'm sorry.
THE COURT: The writ of possession will be effective 12 o'clock on October 31st, 2003. The rental for the month of October or for the remaining periods not paid for, the Court's gonna deny the request by the plaintiff for double rent and will set the rent at nine hundred and fifty dollars for that period of time.
[Appellants' Counsel]: And this is on the assumption that the fence is indeed removed on Monday, September 29th?
THE COURT: This is conditioned upon the fence being removed at least thirty days prior to (indiscernible). So, if the fence is not removed on that date, the Court will extend the issuance of the writ for thirty days after.
[Brewer's Counsel]: Okay.
THE COURT: . . . And with respect to attorney's fees, the Court will take it under advisement. [Brewer's Counsel], submit your affidavit. [Appellants' Counsel], submit your objections.
On October 21, 2003, the district court issued its Judgment for Possession. On August 25, 2004, the district court entered its judgment awarding Brewer $1,574.86 in attorney's fees and costs.[4] On September 20, 2004, the district court entered judgment for Brewer denying Appellants' counterclaim.
Thereafter, Appellants timely filed their notice of appeal on October 20, 2004. The district court filed its Findings of Fact and Conclusions of Law on February 18, 2005.

II. Standards of Review

A. Statutory Interpretation
"The standard of review for statutory construction is well-established. The interpretation of a statute is a question of law which this court reviews de novo. Where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning." Liberty Mutual Fire Ins. Co., v. Dennison, 108 Hawai`i 380, 384, 120 P.3d 1115, 1119 (2005) (internal quotation marks and citation omitted).

B. Attorney's Fees
This court reviews the denial and granting of attorney's fees under the abuse of discretion standard. The same standard applies to this court's review of the amount of a trial court's award of attorney's fees. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.
Chun v. Bd. of Trs. of the Employees' Ret. Sys. of the State of Hawai`i, 106 Hawai`i 416, 431, 106 P.3d 339, 354, reconsideration denied, 106 Hawai`i 477, 106 P.3d 1120 (2005) (internal quotation marks, citations, brackets, and ellipses omitted; block quote format changed).

C. Findings of Fact and Conclusions of Law
"In this jurisdiction, a trial court's [Findings of Fact (FOF)] are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed." Chun, 106 Hawai`i at 430, 106 P.3d at 353 (internal quotation marks, citations, and ellipses omitted) (quoting Allstate Ins. Co. v. Ponce, 105 Hawai`i 445, 453, 99 P.3d 96, 104 (2004)). "An FOF is also clearly erroneous when the record lacks substantial evidence to support the finding. We have defined "substantial evidence" as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Leslie v. Estate of Tavares, 91 Hawai`i 394, 399, 984 P.2d 1220, 1225 (1999) (internal quotation marks and citations omitted) (quoting State v. Kotis, 91 Hawai`i 319, 328, 984 P.2d 78, 87 (1999)).
A [Conclusion of Law (COL)] is not binding upon an appellate court and is freely reviewable for its correctness. This court ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.
Chun, 106 Hawai`i at 430, 106 P.3d at 353 (internal quotation marks, citations, and brackets omitted) (quoting Allstate Ins. Co., 105 Hawai`i at 453, 99 P.3d at 104).

III. Discussion

A. The District Court Did Not Err In Denying Appellants' Counterclaim
Appellants contend the district court erred in denying their counterclaim. Appellants also contend that they were wrongfully excluded from the property; thus, Hawai`i Revised Statutes (HRS) § 521-63(c) (1993) entitles them to two months rent.[5] Appellants argue they were wrongfully excluded from the property because (1) they were unable to get their personal possessions out of the house, (2) the fence obstructed the use of the back deck, and (3) the fence obstructed the use of the backyard.
HRS § 521-63(c) provides:
(c) If the landlord removes or excludes the tenant from the premises overnight without cause or without court order so authorizing, the tenant may recover possession or terminate the rental agreement and, in either case, recover an amount equal to two months rent or free occupancy for two months, and the cost of suit, including reasonable attorney's fees. If the rental agreement is terminated, the landlord shall comply with section 521-44(c). The court may also order any injunctive or other equitable relief it deems proper. If the court determines that the removal or exclusion by the landlord was with cause or was authorized by court order, the court may award the landlord the cost of suit, including reasonable attorney's fees if the attorney is not a salaried employee of the landlord or the landlord's assignee.
Under HRS § 521-8 (1993), "premises" is defined as "a dwelling unit, appurtenances thereto, grounds, and facilities held out for the use of tenants generally and any other area or facility whose use is promised to the tenant."
There is nothing on the face of this statute nor in its legislative history to suggest that HRS 521-63 applies when a tenant is unable to remove personal property from the leased premises. HRS § 521-63; see Sen. Conf. Comm. Rep. No. 223-72, in 1972 Senate Journal, at 832-34; Hse. Stand. Comm. Rep. No. 624, in 1981 House Journal, at 1201-02.
The district court concluded that the parties operated under a one-year lease established by the mediation agreement.[6] According to the mediation agreement, Appellants are required to pay $850 a month for use of the premises with the fence in place, and $950 a month when the fence is removed. The lease contemplates the existence of the fence, and adjusts the rent according to its existence or non-existence on the premises.
Here, Brewer neither removed nor excluded Appellants from the premises prior to the writ of possession. Under the lease created by the mediation agreement, Appellants were not promised use of the premises without the fence. Therefore, we disagree with Appellants' contention that Brewer's failure to remove the fence amounts to a wrongful removal or exclusion from the property. We conclude the district court did not err in denying Appellants' counterclaim.

B. The District Court Did Not Abuse Its Discretion In Granting Brewer Attorney's Fees
Appellants contend the district court erred in granting Brewer an award of attorney's fees. Appellants argue "Brewer cannot be said to have prevailed and be entitled to attorney's fees based on her future course of action." (Emphasis omitted.)
As a general rule, "each party is responsible for paying his or her own litigation expenses." Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 444, 32 P.3d 52, 88 (2001) (quoting Chun v. Bd. of Trs. of the Employees' Ret. Sys. of the State of Hawai`i, 92 Hawai`i 432, 439, 992 P.2d 127, 134 (2000)). This "American Rule" is subject to several exceptions that allow fee-shifting wherein the losing party pays the fees of the prevailing party "when so authorized by statute, rule of court, agreement, stipulation, or precedent." Fought & Co. v. Steel Eng'g and Erection, Inc., 87 Hawai`i 37, 50-51, 951 P.2d 487, 500-01 (1998).
Taomae v. Lingle, 110 Hawai`i 327, 331, 132 P.3d 1238, 1242 (2006).
HRS 607-14 (Supp. 2004) provides in pertinent part: "In all the courts, in all actions in the nature of assumpsit . . . there shall be taxed as attorney's fees, to be paid by the losing party[.]" "Because leases are essentially contractual in nature, attorneys' fees in lease disputes are awardable under the `assumpsit' prong and may be awarded under the `contract' prong of HRS § 607-14." Forbes v. Hawai`i Culinary Corp., 85 Hawai`i 501, 507, 946 P.2d 609, 615 (App. 1997). As a general rule, "where a party prevails on the disputed main issue in a case, even though not to the extent of his [or her] original contention, [that party] will be deemed to be the successful party for the purpose of taxing costs and attorney's fees." Village Park Community Ass'n v. Nishimura, 108 Hawai`i 487, 503, 122 P.3d 267, 283 (App. 2005) (quoting Food Pantry Ltd. v. Waikiki Business Plaza Inc., 58 Haw. 606, 620, 575 P.2d 869, 879 (1978)) (brackets omitted)
The disputed main issues in this case were (1)) whether Brewer was entitled to summary possession of the property, and double rent for Appellants' failure to vacate the premises at the end of the lease term, and (2) whether or not the Appellants were wrongfully removed or excluded from the use of the premises under the terms of their lease with Brewer. The district court found that Brewer was entitled to possession of the subject premises, and ordered that Appellants "vacate the subject premises 30 days from the date of the fence removal or October 31, 2003, whichever is later." The court held that Brewer was not entitled to double rent until that date, because the fence had blocked Appellants from removing all their possessions from the house. The district court also concluded that "[t]he condition of the stairs and presence of the fence did not make the premises unsafe or materially affect the health and safety of [Appellants]. [Appellants'] counterclaim is denied."
Appellants argue that Brewer did not prevail because the district court conditioned their obligation to vacate the premises on Brewer removing the fence so that they could remove their belongings. They argue that "[t]hey are being punished because they did not do the impossible[,]" i.e., vacate the premises before the fence was removed.
Neither party in this case prevailed completely. Although Brewer was granted possession, that possession was conditioned on the removal of the fence, and Brewer was not awarded double rent until the latter of October 31, 2003 or 30 days after the removal of the fence. Appellants, on the other hand, lost outright on their counterclaim. In a situation such as this, the determination of which party has prevailed is committed to the sound discretion of the trial court. See Food Pantry Ltd., 58 Haw. at 620, 575 P.2d at 879. The district court's determination that Brewer was the prevailing party did not clearly exceed the bounds of reason nor did it disregard the rules and principles of law. Chun, 106 Hawai`i at 431, 106 P.3d at 354. Therefore, we hold that the district court did not abuse its discretion in awarding Brewer costs and attorney's fees.

C. Appellants' Contention That The District Court Erred In Granting Judgment For Possession Is A Moot Issue
In their opening brief, Appellants state, "[Appellants] realize they did not request a stay of the judgment for possession and vacated the premises per the court's order. [Appellants] realize the issue of possession is moot[.]"
"The termination of possession without the execution of a writ of possession moots all questions about the validity of the order authorizing the issuance of the writ of possession and of the writ itself. Ordinarily appellate courts will not decide moot issues." Crown Properties, Inc. v. Financial Sec. Life Ins. Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985) (citing Alfapada v. Richardson, 58 Haw. 276, 567 P.2d 1239 (1977), Territory v. Damon, 44 Haw. 557, 356 P.2d 386 (1960)).
The writ of possession issued by the district court was not effective until October 31, 2003. Appellants concede in their opening brief that they vacated the premises prior to the issuance of the writ of possession. Therefore, Appellants' contention that the district court erred in issuing the judgment for possession is moot and will not be addressed on appeal.

IV. Conclusion
Accordingly, we affirm the district court's October 21, 2003 Judgment for Possession, August 25, 2004 Judgment, and September 20, 2004 Judgment.
NOTES
[1] The Honorable Joseph N. Kobayashi presided.
[2] In their opening brief, Appellants acknowledge,

[Appellants] realize they did not request a stay of the judgment for possession and vacated the premises per the court's order. [Appellants] realize the issue of possession is moot (see Ideguchi v. Luna, 40 Haw. 236 (Hawai`i 1953)) This point is raised to show that the judgment for possession was erroneous and therefore no claim for attorney's fees on behalf of Brewer can be based on this judgment and that attorney's fees should instead have been awarded to [Appellants].
[3] The fence referred to in the mediation agreement was a fence erected by Brewer's neighbor in May 2002.
[4] The total judgment amount was the sum of $1,300 (attorney's fees), $130 (costs of court), 102.50 (Sheriff's fees), and $42.36 (other costs).
[5] In their counterclaim, Appellants argued that Brewer was in violation of Hawai`i Revised Statutes § 521-42 (1993). However, Appellants do not raise this issue on appeal.
[6] Appellants do not contest the district court's conclusion of law (COL) 1 or 2. COL 1 and 2 state,

1. The mediation agreement contained terms relating to the amount of rent, length of rental, and premises which were to rented [sic]. Although the parties did not enter into a lease agreement pursuant to the terms of the mediation agreement, the Court finds that the terms of the mediation agreement were sufficient to create a lease agreement and that the parties are bound by the terms of the mediation agreement.
2. The lease terminated on September 10, 2003. [Brewer] is entitled to possession of the premises after that date.