IN THE

# ARIZONA COURT OF APPEALS
## DIVISION TWO

---

THOMAS GRAHAM BOYLE, JR. AND LISA BOYLE,
*Appellants*,

*v.*

FORD MOTOR COMPANY,
*Appellee*.

No. 2 CA-CV 2014-0029
Filed August 29, 2014

---

Appeal from the Superior Court in Pima County
Nos. C20120675 and C20123751 (Consolidated)
The Honorable Ted B. Borek, Judge

**AFFIRMED**

---

COUNSEL

Joseph C. Dolan, Phoenix
*Counsel for Appellant*

Bowman and Brooke LLP, Phoenix
By Iman Rita Soliman

and

Thompson Coe Cousins & Irons, L.L.P., Dallas, Texas
By John S. Gersch
*Counsel for Appellee*

---

## OPINION

Judge Espinosa authored the opinion of the Court, in which Presiding Judge Miller and Chief Judge Eckerstrom concurred.

---

E S P I N O S A, Judge:

**¶1**  Appellants Thomas and Lisa Boyle challenge the trial court's imposition of sanctions under Rule 68, Ariz. R. Civ. P., and the court's denial of their motion for new trial concerning those sanctions. Because the Boyles failed to timely object to the validity of appellee Ford Motor Company's offer of judgment, as more fully set forth below, we affirm.

### Factual and Procedural Background

**¶2**  In June 2010, Thomas Boyle's Ford F-150 truck caught fire while parked in the driveway of the residence the Boyles were renting. The fire spread to the house, the carport, and another vehicle. In January 2012, Liberty Mutual Insurance Company, which had insured the residence, filed a subrogation lawsuit against Ford and the Boyles seeking to recover amounts paid by it for the damages caused by the fire. In June 2013, the Boyles filed a cross-claim against Ford asserting strict product liability and negligence. Ford denied liability.

**¶3**  In September 2013, Ford served on the Boyles a document titled: "Defendant Ford Motor Company's Offer of Judgment." That document stated:

> Pursuant to Rule 68 of the Arizona Rules of Civil Procedure, Defendant Ford Motor Company ("Ford") hereby makes an offer of judgment against Ford, and in favor of plaintiffs Thomas and Lisa Boyle upon all claims made in the above-entitled action, for collective and total payment in the

> amount of $22,500.00 . . . inclusive of all damages, taxable costs, interest, and attorney fees incurred to date. Acceptance of this offer, in its entirety, by plaintiffs Thomas and Lisa Boyle will represent a settlement of all claims and an agreement to stipulate to the dismissal of all claims against Ford with prejudice. Plaintiffs Thomas and Lisa Boyle may accept this Offer of Judgment by providing written notice of acceptance in accordance with Arizona Rules of Civil Procedure, Rule 68(c).

Contemporaneously, Ford filed a "Notice of Service of Defendant Ford Motor Company's Offer of Judgment."

**¶4** The Boyles did not accept the offer or object to it. The parties had several settlement discussions before trial, but no agreement was reached. In their October 4 joint pretrial statement, the parties represented to the court that both "ha[d] outstanding offers of judgment."

**¶5** Following a five-day trial in October, the jury decided in favor of Ford, which thereafter applied for its costs and for sanctions pursuant to Rule 68(g). The Boyles filed an "opposition" to the application arguing "Ford is not entitled to Rule 68 sanctions because Ford did not serve an offer of judgment that complies with Rule 68," Ariz. R. Civ. P. The trial court reviewed Ford's application and the Boyles' opposition and determined Ford was entitled to its costs and Rule 68(g) sanctions totaling $59,305.17 and ordered that judgment be entered.

**¶6** In December, the Boyles moved for a new trial asking the court to vacate the portion of the judgment granting the Rule 68(g) sanctions against them. While the motion was pending, the Boyles filed a notice of appeal challenging those sanctions. After

the court denied the motion for new trial,[1] the Boyles filed an amended notice of appeal, adding to their appeal the court's denial of their motion. We have jurisdiction over the appeal pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1)(2).

## Standard of Review

**¶7** The meaning and effect of a court rule is a question of law that we review *de novo*. *Pima Cnty. v. Pima Cnty. Law Enforcement Merit Sys. Council,* 211 Ariz. 224, 227, ¶ 13, 119 P.3d 1027, 1030 (2005) (citations omitted). In interpreting court rules, we base our analysis on the language of the rule. *State ex rel. Romney v. Superior Ct. (Stewart),* 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991). Only if the rule is ambiguous will we look to other rules of construction. *Levy v. Alfaro,* 215 Ariz. 443, 444, ¶ 6, 160 P.3d 1201, 1202 (App. 2007).

## Rule 68 Sanctions

**¶8** Rule 68(a) provides, "At any time more than 30 days before the trial begins, any party may serve upon any other party an offer to allow judgment to be entered in the action." An offer that is not accepted is deemed rejected. Ariz. R. Civ. P. 68(d). Rule 68(d) states that if the offeree has any objections to the "validity of the offer, the offeree must serve upon the offeror, within ten days after service of the offer, written notice of any such objections." Ariz. R. Civ. P. 68(d). Unless the offeree does so, "the offeree waives the right to do so in any proceeding to determine sanctions under this rule." *Id.*

**¶9** The Boyles argued below, as they do here, that the trial court erred in awarding Rule 68 sanctions because "[t]he document which Ford served on [them] did not comply with Rule 68." The Boyles assert Ford's offer "nowhere expressed an offer to allow

---

[1]The trial court concluded it had jurisdiction to rule on the motion for new trial pursuant to *Craig v. Craig,* 227 Ariz. 105, ¶ 13, 253 P.3d 624, 626 (2001) (notice of appeal filed while party's time-extending motion pending before the trial court, "is 'ineffective' and a nullity").

judgment to be entered in the action."  Rather, it offered payment "in exchange for an 'agreement to stipulate to the dismissal of all claims against Ford with prejudice.'"

¶10    The trial court rejected the Boyles' claim, finding their position "an unnecessarily technical and inaccurate interpretation of the offer."  It also found the Boyles' argument "a nullity" because they had "failed to file and serve timely written objections [to the offer] . . . as required by Rule 68(d)."  We agree with the trial court's ruling that the Boyles' objections to the offer of judgment were waived pursuant to Rule 68(d).

**Waiver**

¶11    In 2007, our supreme court amended Rule 68 to include, *inter alia*, a waiver provision.  That provision, cited above, provides that if the offeree has any objections to the "validity of the offer," the offeree must inform the offeror or waive the right to later object.  *See* Ariz. R. Civ. P. 68(d).  It was drafted and promoted by the State Bar of Arizona to address the problem of "offerees at times wait[ing] until the conclusion of the case to attack the validity of the offer on grounds, for example, that the offeror improperly served or wrongly stated the intended terms of the offer."  Petition to Amend Rule 68 of the Arizona Rules of Civil Procedure, Supreme Court No. R 06-0010 (hereinafter "Petition").  The State Bar noted that "in many cases [prior to the Rule's amendment], the offeror could have corrected the claimed defect following notice from the offeree."  *Id*.

¶12    The Boyles argue that the "defect in Ford's offer was fundamental and cannot be waived."  They point to several cases in which the Rule 68 offeror was denied the benefit of its offer of judgment when it made an offer that was not sufficiently specific as to each offeree.  *See Greenwald v. Ford Motor Co.*, 196 Ariz. 123, ¶¶ 5-6, 10, 993 P.2d 1087, 1088-90 (App. 1999) (party cannot benefit from Rule 68 when it failed to comply with the rule by offering an impermissible, unapportioned lump-sum offer); *Duke v. Cochise Cnty.*, 189 Ariz. 35, 41, 938 P.2d 84, 90 (App. 1996) (same); *Clouse v. State Dep't of Pub. Safety*, 194 Ariz. 473, ¶¶ 28-30, 984 P.2d 559, 565 (App. 1998) (same), *vacated by Clouse v. State Dep't of Pub. Safety*, 198

Ariz. 473, ¶ 29, 11 P.3d 1012, 1020 (2000).[2] In *Greenwald*, the offeror noted that the offeree never objected to the form of offer, but the court held "the burden is not on the offeree to determine whether the offer meets the requirements of Rule 68 but rather on the offeror." *Greenwald*, 196 Ariz. 123, ¶ 12, 993 P.2d at 1090. *Greenwald*, *Duke*, and *Clouse*, however, all predate the 2007 amendment to Rule 68 that addressed unapportioned offers, *see* Rule 68(f), and added the waiver provision that shifts the burden to the offeree to determine whether the offer meets the requirements of Rule 68, *see* Rule 68(d).

**¶13** The Boyles argue, without citation to authority, that the Rule 68(d) waiver provision "must relate only to defects or objections as to matters which do not impact upon whether the document satisfies the sine qua non of an offer of judgment; i.e. the offer to allow judgment to be entered." They suggest "[s]uch examples may include where an offer to allow judgment is made but where it misstates whether attorney fees have been claimed in the

---

[2]In these cases, the offer of judgment did not set forth a specific amount permitting the offeree to properly assess its chances of doing better at trial, *see, e.g.*, *Duke*, 189 Ariz. 35, 41, 938 P.2d 84, 90, thus defeating the purpose of Rule 68, *see Levy*, 215 Ariz. 443, 445, 160 P.3d 1201, 1203 ("Rule 68 is intended to encourage settlement and avoid protracted litigation."). The Boyles rely heavily on a case decided by the Intermediate Court of Appeals of Hawaii, *Crown Props., Inc. v. Fin. Sec. Life Ins. Co.*, 712 P.2d 504, 510 (1985) (cited by *Greenwald*), for the proposition that a defective offer is a "nullity" that may not be cured, even if the offeree accepts the offer. But in *Crown Properties*, the court noted that the offer of judgment would not dispose of all claims and that "[w]e would not know what specific obligations the [offer] covers." *Id.* Because the offer was "imprecise," even though accepted by the offeree, it did not result in a binding agreement. *Id.* Here, Ford's offer of judgment did not involve an indeterminate amount or fail to dispose of all claims. Had the offer been accepted by the Boyles, the trial court would have been able to enter judgment as required by Rule 68(c).

case; or where the offer of judgment offers equitable relief in a case that ple[d] only legal relief." The rule, however, states that waiver applies if the "offeree has any objection(s) to the *validity of the offer*." Ariz. R. Civ. P. 68 (emphasis added). It is thus apparent that the "validity" of the offer would not be in question when only superficial errors were at issue. Indeed, in proposing the rule change, the State Bar stated the waiver provision might be employed where "the offeror improperly served or wrongly stated the intended terms of the offer." Petition p. 7.

¶14 In this case, Ford served the Boyles with a document clearly marked "offer of judgment" and filed a notice of offer of judgment in the trial court. The offer properly cited Rule 68, and was specific as to the sum offered. The one deficiency noted by the Boyles is that the offer included "an agreement to stipulate to the dismissal of all claims" rather than to a judgment.[3] The Boyles, however, never objected before trial, and in the parties' pretrial statement, they acknowledged having received an offer of judgment from Ford. The Boyles objected only following the verdict and after Ford submitted a form of judgment requesting the Rule 68 sanctions.

¶15 The Boyles never claimed they did not know the document served on them by Ford was a Rule 68 offer of judgment or that the offer was not sufficient in its terms or form. As knowing recipients of such an offer, pursuant to Rule 68(d) the Boyles bore the burden of informing Ford of any objection to its offer. They failed to do so, and thus waived their objection in accordance with that rule.

**Attorney Fees and Costs**

¶16 Ford requests attorney fees on appeal "under Arizona Rule of Civil Appellate Procedure 21." However, as pointed out by

---

[3]We do not suggest the Boyles lacked sufficient grounds to file an objection to Ford's offer, which proposed "dismissal of all claims" rather than judgment in accordance with the language of Rule 68(a) ("any party may serve upon any other party an offer to allow judgment to be entered in the action").

the Boyles, Ford has not cited to any statute, rule, decisional law, contract, or other provision authorizing an award of attorneys' fees." Ariz. R. Civ. App. P. 21(a)(2) (rule "does not create any substantive right to attorneys' fees").  We therefore decline Ford's request.  *See Country Mut. Ins. Co. v. Fonk*, 198 Ariz. 167, ¶ 25, 7 P.3d 973, 978 (App. 2000).  As the prevailing party on appeal, however, Ford is entitled to an award of costs provided it complies with Rule 21, Ariz. R. Civ. App. P.  *Id.*

## Disposition

¶17       For the foregoing reasons, the trial court's imposition of sanctions under Rule 68 and its denial of the Boyles' motion for new trial are affirmed.